IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW HAVRILLA, CYNTHIA DAWSON, ALDEN HENRIKSEN, MELODY DESCHEPPER, CHRISTOPHER TILTON, and MARK HACKETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY LLC, and CELTIC INSURANCE COMPANY,<br><br>Defendants. | Case No. 22 C 4126<br><br>Judge Nancy L. Maldonado |

**AGREED PROTECTIVE AND CONFIDENTIALITY ORDER**

The parties to this Agreed Protective and Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from transfer or

disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information, including; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) protected health information.[1] Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not

---

[1] Protective health information shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.[2]

4. **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken to a different protocol (such as designating the entirety of the transcript Confidential, subject to a meet and confer if the non-defending Party proposes to publicly file with consent portions of the transcript), all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth (14th) day after the transcript is delivered to any party or the witness, and in no event later than 30 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise agreed by the Parties or ordered by the Court.

---

[2] An attorney who reviews the documents and designates them as CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

5. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Because this is a putative class action that relates to medical information, Confidential Information may be disclosed only to counsel for plaintiffs and not to the named plaintiff(s) or to any member of the putative class.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

  (7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

  (8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

  (9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

 (c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

 6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

 7. **Filing of Confidential Information with the Court.** The parties shall cooperate to avoid or minimize the need to file pleadings under seal, while also cooperating

to avoid the public disclosure of Confidential Information. On those occasions when filing under seal is unavoidable because the filing includes Confidential Information, the filing party shall follow the procedures set out in Local Rule 26.2 for the filing of sealed documents. Within three (3) business days after Confidential Information has been filed with leave of the Court, as provided for by Local Rule 26.2(b), the designating party whose designations caused the filing to be filed under seal shall provide the filing party a proposed redacted version of the submission. Each designating party is responsible only for proposing redactions of Confidential Information that it designated itself. Any party objecting to the filing of the proposed redacted submission must inform the filing and designating parties within two (2) business days of receipt of the proposed submission and, in doing so, identify any modifications to the proposed redactions. The designating party must accept, reject, or negotiate the requested modifications within two (2) business days of receiving the proposal. If no agreement is reached within fourteen (14) days after Confidential Information is filed under seal pursuant to this paragraph, the party seeking to redact and keep under seal the broader amount of information must file a motion with the Court explaining why the broader proposed redactions are material that should be filed only under seal. To the extent there is any dispute or challenge, including any raised by the Court or third parties, regarding the propriety of the redactions, appropriateness of any confidentiality designations, and/or the filing party's motion to file under seal, the burden of establishing the propriety of such designations or filing under seal, rests with the designating party. If agreement is reached, the filing party shall electronically file with the Court, for its public file, a submission that incorporates the redactions. Any Confidential Information produced by non-parties pursuant to this Order also shall be redacted from any public electronic filing.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information.** A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation or insufficient designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so.

Any party wishing to challenge a confidentiality designation assigned by another party or other person ("objecting party") with respect to any material shall give notice by email or other written communication of such objection to counsel for the designating party. The objecting party shall explain the basis for its position that the confidentiality designation was improper. The designating party shall respond in writing within seven (7) business days of this notification and explain the grounds for asserting that the document or information is confidential. If the designating party does not respond in writing within seven (7) business days of the notification, the materials shall be presumptively determined to be non-confidential information. If the designating party makes a timely response, counsel shall confer in good faith in an effort to resolve the dispute.

If no resolution is reached, the objecting party may move the Court for an order removing such protected material from the restrictions of this Protective Order, and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of

such a motion, the burden rests upon the designating party to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the confidentiality designation, the confidentiality designation shall remain in full force and effect.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than seven (7) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential

Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall be deleted to the extent practicable or returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[3] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    (c)    **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

    (d)    **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

---

[3] The parties agree that the receiving party shall destroy documents containing Confidential Information in accordance with their respective firm's document destruction policy and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18. **Qualified Protective Order Under HIPAA.** This Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations and shall serve as an order allowing covered entities to produce un-redacted documents and records requested in this action. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501, including, but not limited to, information related to: (a) the past, present, or future physical or mental condition of Plaintiffs, (b) the provision of care to Plaintiffs, (c) the payment for care provided to Plaintiffs. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information requested in this action to all attorneys in this action. The parties and their attorneys shall be permitted to use the protected health information only in connection with this litigation, including, but not

limited to, disclosure to the parties and their attorneys, insurers, experts, and consultants, the Court, necessary Court personnel, Court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process. All protected health information produced or disclosed in the action shall be used solely for the prosecution or defense (including any appeal therefrom) of the action and shall not be used for any other purpose.

       19.    **Inadvertent Production of Privileged or Otherwise Protected Material.** When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that may provide for production without prior privilege review. **The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein**.

### ORDER GRANTING PROTECTIVE AND CONFIDENTIALITY ORDER GOVERNING THE PRODUCTION OF DOCUMENTS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

      IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**IT IS SO ORDERED**

Dated: December 29, 2022

                                          */s/ Nancy L. Maldonado*
                                         The Honorable Nancy L. Maldonado

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MATTHEW HAVRILLA, CYNTHIA DAWSON, ALDEN HENRIKSEN, MELODY DESCHEPPER, CHRISTOPHER TILTON, and MARK HACKETT, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>CENTENE CORPORATION; CENTENE MANAGEMENT COMPANY LLC; and CELTIC INSURANCE COMPANY,<br><br>                      Defendants. | Case No. 22 C 4126<br><br>Judge Nancy L. Maldonado |

### ACKNOWLEDGMENT OF UNDERSTANDING
### AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

– 13 –

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____      _____

Date                                         Signature