# EXHIBIT 2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Matthew Havrilla et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>Centene Corporation,<br>Centene Management Company LLC, and<br>Celtic Insurance Company,<br><br>            Defendants. | Case No. 1:22-cv-04126<br><br>Judge Nancy L. Maldonado |

**Defendants' Responses and Objections to
Plaintiffs First Set of Requests for Production of Documents**

Defendants submit these responses and objections to the definitions, instructions and requests set forth in Plaintiffs' first set of requests for production of documents to Defendants, dated November 18, 2022 ("Requests").

Defendants are willing to meet and confer with Plaintiffs regarding these responses and objections. Defendants' primary objection to Plaintiffs Requests is to the volume of materials that they seek. While many of the individual Requests are not wholly objectionable, in the aggregate they are objectionable because of the burden imposed. The parties will need to work together to prioritize and focus the Requests so that they are manageable. These responses and objections assume that the parties will work together to prioritize these requests and will focus on collecting materials from organized electronic systems. Based on that assumption, Defendants have not lodged burden objections with respect to each request, but do preserve a burden objection with respect to the non-objectionable requests in the aggregate. Defendants will seek feedback from Plaintiffs with regard to which requests Plaintiffs would like prioritized,

1

recognizing that not all of Plaintiffs non-objectionable requests can reasonably be fulfilled because of the burden imposed by the volume of materials that would need to be collected and reviewed. These responses and objections are based on Defendants' present knowledge, information, and belief, and are subject to change or modification based on further discovery or on facts or circumstances that may come to Defendants' attention. Defendants' search for information and documents is early, for the reasons articulated above, and Defendants reserve the right to rely on any facts, documents, evidence or other contentions that may develop or come to their attention at a later time. Defendants reserve the right to raise additional objections or to provide additional information.

## General Objections

The General Objections ("Objections") set forth below apply to the Requests generally and to each definition, instruction and request included in the Requests; and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each definition, instruction and request. Any undertaking to search for, or provide information or documents in response to any item of the Requests remains subject to these objections. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection at a later time.

1. Defendants object to the volume of materials that the Requests seek. While many of the individual Requests are not objectionable, in the aggregate the non-objectionable requests become objectionable because of the cumulative burden that would be imposed, which would likely outweigh the materials' utility in this case. The parties will need to work together to prioritize and focus the Requests so that they are manageable. These responses and objections assume that the parties will work together to prioritize these requests, so Defendants respond to

each request individually, while preserving their objection that in the aggregate the Requests are objectionable.

2. While few of the Requests on their face appear to seek material that is not available in organized electronic systems, because of the large volume of material available in organized electronic systems (such as shared drives and databases), Defendants do not plan to search paper files, email boxes, dispositioned or deprecated electronic systems or databases, or other not reasonably available sources of material. As such, Defendants do not purport to search for or produce "all" or "any" of a particular type of material; instead, Defendants plan to conduct a reasonable search of organized electronic systems for responsive materials, the volume of which is likely to be extremely large, even once narrowed/focused/prioritized so the burden imposed by the overall volume is not too objectionable.

3. Defendants object to the Requests to the extent that they are vague, ambiguous, overly broad, lacking in particularity, unreasonable, unduly burdensome or oppressive, or call for information that is neither relevant to the claims, defenses or subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, this action.

4. Defendants object to the Requests to the extent that they purport to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible information, including electronically stored information ("ESI"), from readily accessible sources where responsive information reasonably would be expected to be found. Defendants also object to the Requests to the extent that they purport to require Defendants to search for and produce information that is not centrally maintained by Defendants.

5. Defendants object to the Requests to the extent that they: (i) would require Defendants to create documents that do not currently exist; (ii) would require Defendants to

produce documents that are not currently in Defendants' possession, custody or control; or (iii) call for information that is available from a more convenient, more efficient, less burdensome or less expensive source than Defendants or through a more convenient, more efficient, less burdensome or less expensive means than the Requests.

6. Absent agreement by Defendants and Plaintiffs to mutually exchange such information, Defendants object to the Requests to the extent that they purport to require the production of information that is public; is already in Plaintiffs' possession, custody or control; or is otherwise available from sources other than Defendants to which Plaintiffs also have access.

7. Defendants object to the Requests to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the business strategy immunity or any other applicable law, regulation, privilege, immunity or discovery protection, or that is otherwise protected from disclosure under applicable law. Nothing contained in Defendants' response is intended to be, nor shall in any way be construed as, a waiver of any such privilege, doctrine, immunity or protection. Defendants do not plan to produce materials covered by any such privilege, immunity or protection, and will conduct a reasonable review of materials produced in an attempt to withhold materials subject to any such privilege, doctrine, immunity or protection. Inadvertent production of any information covered by any privilege, doctrine, immunity or protection shall not constitute a waiver of any privilege, doctrine, immunity or protection or of any other ground for objecting to discovery or admissibility of such material, or its subject matter, nor shall such production constitute a waiver of Defendants' rights to object to the use of such material at any stage of this action or in any other action or proceeding.

8. Defendants object to the Requests to the extent that they seek health care information relating to thousands (or more) people, including information constituting Personally Identifiable Information (PII); Protected Health Information (PHI); sensitive medical information; or sensitive financial information. Defendants will provide information in response to Requests relating to medical information, PII, PHI, and sensitive financial information only to the extent permitted under the terms of a qualified protective order.

9. Defendants object to the Requests to the extent that they purport to require Defendants to provide sensitive commercial, competitively-significant, personal or other information relating to Centene or its employees and customers, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

10. Defendants object to the Requests to the extent that they are not limited by any reasonable time period, and, therefore, are overly broad and unduly burdensome and call for information that is neither relevant to the claims, defenses or subject matter of the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will construe the requests to seek information relevant to the class period, August 2018 through the date of the complaint.

11. Defendants object to the Requests to the extent that they purport to require Defendants to draw legal conclusions, or are predicated on legal conclusions or arguments. Subject to and without waiver of the Objections, Defendants state that any response, production of documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission concerning any of the terms used or theories embedded in the Requests.

12. Defendants reserve the right (but do not assume the obligation) to: (i) revise, correct, supplement or clarify the content of Defendants' responses; (ii) provide additional responsive information in the future; (iii) object to further discovery in this action; (iv) rely upon any information produced in or relevant to this action in any hearing or proceeding or trial in this action; and (v) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding or trial.

13. In furnishing these objections and responses to the requests and in producing documents and information in response to the requests, Defendants do not admit or concede the relevance, materiality, authenticity, or admissibility in evidence of any such request, document, or information. All objections to the use, at trial or otherwise, of any document produced or information provided in response to the requests and to any further production are hereby expressly reserved.

14. Defendants object to Plaintiffs' document requests to the extent that they call for information from entities that are not parties to this case. Defendants will construe such requests to seek information from Defendants.

## Plaintiffs' First Set of Requests for Production

**REQUEST FOR PRODUCTION NO. 1.**

For every Plan Member, produce Documents sufficient to identify the Plan Member, including:
a. the Plan Member's name;
b. the Plan Member's address;
c. the Plan Member's subscriber number;
d. the Plan Member's policy number;
e. the policy issue date;
f. the policy termination date;
g. the names of any additional insureds on the policy;
h. the monthly premium charged to the Plan Member for the Ambetter plan; and
i. the monthly governmental subsidy, if any, received by You for providing the Ambetter coverage to the Plan Member.

6

**Response**: There have been several million enrollees in Ambetter Health insurance plans. The requested health- and financial-related information about several million people is excessive and unnecessary, even if Defendants are able to compile such information. Defendants propose to meet and confer to see what information Plaintiffs really need about enrollees.

**REQUEST FOR PRODUCTION NO. 2.**

Documents sufficient to identify all healthcare providers who were in the Ambetter network for each of the Relevant States at any time during the Relevant Period, including:
 a. the provider's name;
 b. the NPI of the identified provider;
 c. the TIN of the healthcare provider;
 d. the commencement date of the identified healthcare provider's contract;
 e. the expiration date of the health care provider's contract;
 f. the termination date of the provider's contract if the termination date differs from the expiration date; and
 g. the date any notice of termination was sent to consumers.

**Response**: This material is voluminous. Defendants plan to produce responsive material for Texas, and then meet and confer to see what additional material Plaintiffs need.

**REQUEST FOR PRODUCTION NO. 3.**

Documents sufficient to identify all Claims submitted by or on behalf of Plan Members that were denied because the provider was out of network, including (1) the claimant's subscriber number, (2) the date of service for the denied claim, and (3) the full amount of charges billed to the Plan Member as a result of the out-of-network denial. A full response will include any claim denials with the explanation code y1 or 4G. To the extent any additional codes indicate a claim denial due to the provider being out of network, include data reflecting those claim denials and codes as well.

**Response**: This request seeks medical claims material relating to millions of people and seems unreasonably broad in relation to the sensitive medical material that it seeks. Defendants do not believe that this material is likely to lead to admissible evidence, and propose to meet and confer to see what information Plaintiffs really need regarding denials of health insurance claims on the basis that the provider was not in network.

**REQUEST FOR PRODUCTION NO. 4.**

7

A Data Dictionary or Documents sufficient to explain (1) the types of Data housed in each field of your claims database (including but not limited to the Amisys database), and (2) all alphanumeric codes, acronyms, or abbreviations used in your claims database. This Request includes but is not limited to Documents sufficient to explain the codes used to identify the basis for a claim denial.

**Response**: Defendants are willing to provide material sufficient to explain particular datafields inquired about by Plaintiffs, unless a data dictionary can be located, in which case it will be produced.

**REQUEST FOR PRODUCTION NO. 5.**

Documents sufficient to identify all databases that contain information about Plan Members' complaints.

**Response**: Defendants are working to confirm, but believe that the database that contains information about member complaints for the relevant states is called Omni.

**REQUEST FOR PRODUCTION NO. 6.**

Documents sufficient to identify all databases that contain information regarding complaints by providers about any aspect of Ambetter health insurance.

**Response**: Defendants are working to confirm, but believe that the database that contains information about provider complaints for the relevant states is called Omni.

**REQUEST FOR PRODUCTION NO. 7.**

All Documents, including ESI, produced in Harvey v. Centene Management Company, LLC, No. 2:18-cv-00012-SMJ (E.D. Wash.). This Request includes but is not limited to all Documents and ESI produced by Defendant in discovery, all interrogatory responses, all expert reports, and all transcripts of deposition testimony.

**Response**: Defendants object to this request because the materials produced in the Harvey v. Centene Management Company, LLC case predate the class period for this case.

**REQUEST FOR PRODUCTION NO. 8.**

All Documents, including ESI, produced in Duff v. Centene Corporation, et al., No. 1:19-cv-00750-TSB, (S.D. Ohio). This request includes but is not limited to all Documents and ESI

8

produced by Defendants in discovery, all interrogatory responses, all expert reports, and all transcripts of deposition testimony.

>    **Response**: Defendants plan to produce materials produced in the <u>Wilson et al. v. Centene Management Company, LLC et al.</u> (Texas) case, and propose to meet and confer with Plaintiffs regarding whether it is necessary to produce materials produced in the <u>Duff v. Centene Corporation et al.</u> (Ohio) case.

**REQUEST FOR PRODUCTION NO. 9.**

All Documents, including ESI, produced in <u>Wilson et al. v. Centene Management Company, LLC et al.</u>, No. 1:20-CV-00484 (W.D. Tex.). This request includes but is not limited to all Documents and ESI produced by Defendants in discovery, all interrogatory responses, all expert report, and all transcripts of deposition testimony.

>    **Response**: Defendants plan to produce materials produced in the <u>Wilson et al. v. Centene Management Company, LLC et al.</u> (Texas) case. The volume is large. Defendants plan to provide the materials via secure FTP after a qualified protective order is entered in this case.

**REQUEST FOR PRODUCTION NO. 10.**

All Documents, including ESI, produced in <u>Houston v. Centene Management Company, LLC et al.</u>, No. 1:19-CV-20620-RAR (S.D. Fla.). This request includes but is not limited to all Documents and ESI produced by Defendant in discovery, all interrogatory responses, all expert reports, and all transcripts of deposition testimony.

>    **Response**: Defendants plan to produce materials produced in the <u>Wilson et al. v. Centene Management Company, LLC et al.</u> (Texas) case, and propose to meet and confer with Plaintiffs regarding whether it is necessary to produce materials produced in the <u>Houston v. Centene Management Company, LLC et al.</u> (Florida) case.

**REQUEST FOR PRODUCTION NO. 11.**

All Documents You produced in the course of any governmental investigation, regulatory action, administrative proceeding, or court action regarding inaccuracies or deficiencies in Ambetter lists of network providers. This request specifically includes, but is not limited to, Documents relating to the administrative proceedings with the Washington State Office of the Insurance Commissioner.

**Response**: Defendants object to this request because material produced in connection with the Washington State Office of the Insurance Commissioner predates the class period in this case. Defendants further object to this request to because it seeks materials subject to privileges and protections from production. Defendants refer Plaintiffs to material that Defendants produced in the <u>Wilson et al. v. Centene Management Company, LLC et al.</u> (Texas) case.

**REQUEST FOR PRODUCTION NO. 12.**

All Documents and Communications pertaining to any internal or external audits, reports, studies, analyses, or investigations conducted pertaining to Ambetter provider networks.

**Response**: Defendants object to this request to because it seeks materials subject to privileges and protections from production. Defendants refer Plaintiffs to material that Defendants produced in the <u>Wilson et al. v. Centene Management Company, LLC et al.</u> (Texas) case.

**REQUEST FOR PRODUCTION NO. 13.**

All Documents and Communications pertaining to any internal or external audits, reports, studies, analyses, or investigations regarding the denial of Claims on the ground that the Claims were for services provided by out-of-network providers.

**Response**: Defendants object to this request to because it seeks materials subject to privileges and protections from production. Defendants refer Plaintiffs to material that Defendants produced in the <u>Wilson et al. v. Centene Management Company, LLC et al.</u> (Texas) case.

**REQUEST FOR PRODUCTION NO. 14.**

All Documents and Communications regarding inaccuracies or deficiencies in Ambetter in-network provider lists.

**Response**: Defendants object to this request to because it seeks materials subject to privileges and protections from production. Defendants refer Plaintiffs to material that

Defendants produced in the <u>Wilson et al. v. Centene Management Company, LLC et al.</u> (Texas) case.

**REQUEST FOR PRODUCTION NO. 15.**

All versions of any marketing, sales, or other promotional materials that You prepared or used to advertise or sell Ambetter health insurance to consumers.

**Response**: Defendants will produce the following materials which are voluminous and are made available to Ambetter Health members: Ambetter Health Evidence of Coverage materials; Ambetter Health Summary of Benefits materials; and Ambetter Health Plan Brochures.

**REQUEST FOR PRODUCTION NO. 16.**

All Documents regarding the creation of any marketing, sales, or other promotional materials that You prepared or used to advertise or sell Ambetter health insurance.

**Response**: Defendants will produce the following materials which are voluminous and are made available to Ambetter Health members: Ambetter Health Evidence of Coverage materials; Ambetter Health Summary of Benefits materials; and Ambetter Health Plan Brochures.

**REQUEST FOR PRODUCTION NO. 17.**

All Communications or Documents pertaining to the acquisition of any companies by Centene Corporation or any of its Affiliate Companies, including any emails, memoranda, notes, or other Documents by You.

**Response**: Defendants object to this request because it seeks material that is exclusively outside the class period and is unlikely to lead to admissible evidence.

**REQUEST FOR PRODUCTION NO. 18.**

All Documents pertaining to the organizational management and formal corporate relationship between Centene Corporation, Centene Management Company LLC, Celtic Insurance Company, and Affiliate Companies, including contracts between entities, organizational management

documents, operating agreements, or other governing organization documents of each of these entities.

> **Response**: Defendants will produce an organizational chart for Centene and its relevant subsidiaries, including the subsidiaries named above.

### REQUEST FOR PRODUCTION NO. 19.

Flow charts, organizational charts, or other Documents sufficient to show the organizational structure of Centene Corporation, Centene Management Company LLC, Celtic Insurance Companies, and Affiliate Companies.

> **Response**: Defendants will produce an organizational chart for Centene and its relevant subsidiaries, including the subsidiaries named above.

### REQUEST FOR PRODUCTION NO. 20.

Flow charts, organizational charts, employee directories, or other Documents sufficient to identify all employees and Board Members of Centene Corporation, Centene Management Company LLC, Celtic Insurance Companies, and Affiliate Companies.

> **Response**: Defendants will produce an organizational chart for Centene and its relevant subsidiaries, including the subsidiaries named above.

### REQUEST FOR PRODUCTION NO. 21.

Produce flow charts, organizational charts, or other Documents that reflect Your methods, Policies, practices, or procedures for adjudicating Plan Members' claims for medical services or medications.

> **Response**: Defendants will produce policies and procedures regarding Defendants' practices building adequate networks, maintaining a provider database, and adjudicating claims, including in compliance with the Affordable Care Act.

### REQUEST FOR PRODUCTION NO. 22.

All flow charts, organizational charts, or other Documents that reflect Your methods, Policies, practices, or procedures for investigating, auditing, or handling compliance with the Affordable Care Act.

**Response**: Defendants will produce policies and procedures regarding Defendants' practices building adequate networks, maintaining a provider database, and adjudicating claims, including in compliance with the Affordable Care Act.

**REQUEST FOR PRODUCTION NO. 23.**

Copies of all Documents provided to Plan Members regarding member benefit, including but not limited to all versions of Evidence of Coverage documents, Member Benefit Handbooks, and plan brochures.

**Response**: Defendants will produce the following materials which are voluminous and are made available to Ambetter Health members: Ambetter Health Evidence of Coverage materials; Ambetter Health Summary of Benefits materials; and Ambetter Health Plan Brochures.

**REQUEST FOR PRODUCTION NO. 24.**

All Communications received from Plan Members regarding inadequate provider networks or denial of claims due to the performance of services by an out-of-network provider; Documents regarding any internal investigations pertaining to such Communications; and Documents regarding any responses You sent to Plan Members regarding such Communications.

**Response**: This request seeks medical material relating to plan members, and seems unreasonably broad in relation to the sensitive medical material that it seeks. Defendants do not believe that the full scope of the sought material is likely to lead to admissible evidence, and propose to meet and confer to see what information Plaintiffs really need regarding plan member complaints.

**REQUEST FOR PRODUCTION NO. 25.**

Documents reflecting Your Policies and procedures for investigating and responding to Communications from Plan Members regarding the inadequacy of Ambetter provider networks, inaccuracy of Ambetter provider lists, or denial of claims due to the performance of services by an out-of-network provider.

**Response**: Defendants will search for policies and procedures regarding Defendants' practices for responding to plan member complaints.

**REQUEST FOR PRODUCTION NO. 26.**

Documents sufficient to show the amounts of governmental subsidies You received under the Affordable Care Act for the Ambetter coverage provided to Plan Members, for each year and in each state.

**Response**: Defendants invite a meet and confer with Plaintiffs regarding this request, which appears to seek materials that are not relevant to or likely to lead to admissible evidence regarding Plaintiffs' claims.

**REQUEST FOR PRODUCTION NO. 27.**

All Documents and Communications with or pertaining to Plaintiffs. This request includes but is not limited to plan brochures, Evidence of Coverage documents, Member Benefit Handbooks, Communications generated by You (whether sent by mail, email, or any other means), and recordings of telephone conversations.

**Response**: Defendants will search for materials responsive to this request.

**REQUEST FOR PRODUCTION NO. 28.**

All flow charts, organizational charts, or other Documents reflecting Your method, practices, or procedures for updating or making changes to Your Ambetter provider database, including but not limited to the Portico database.

**Response**: Defendants will produce policies and procedures regarding Defendants' practices building adequate networks, maintaining a provider database, and adjudicating claims, including in compliance with the Affordable Care Act.

**REQUEST FOR PRODUCTION NO. 29.**

Organizational charts or other Documents sufficient to identify all Persons who work or worked on the contract database (including but not limited to the Emportis database), including but not limited to custodians and third-party vendors.

**Response**: Defendants object to this request because it seeks material that is voluminous, difficult to gather, and unlikely to lead to admissible evidence.

**REQUEST FOR PRODUCTION NO. 30.**

Organizational charts or other Documents sufficient to identify all Persons who work or worked on the provider directory database (including but not limited to the Portico database), including but not limited to custodians and third-party vendors.

    **Response**: Defendants object to this request because it seeks material that is voluminous, difficult to gather, and unlikely to lead to admissible evidence.

**REQUEST FOR PRODUCTION NO. 31.**

Organizational charts or other Documents sufficient to identify all Persons who work or worked on the claims database (including but not limited to the Amisys database), including but not limited to custodians and third-party vendors.

    **Response**: Defendants object to this request because it seeks material that is voluminous, difficult to gather, and unlikely to lead to admissible evidence.

**REQUEST FOR PRODUCTION NO. 32.**

All Documents identified or relied on upon in answering all forthcoming Interrogatories or Requests for Admission in this matter.

    **Response**: Defendants object to this request because Defendants have not yet seen the referenced Interrogatories of Requests for Admission; Defendants propose that Plaintiffs renew this request after Defendants can assess what material it seeks.

**REQUEST FOR PRODUCTION NO. 33.**

All Documents memorializing any statements of witnesses or potential witnesses, or Persons interviewed in connection with this action.

    **Response**: Defendants object to this request because it exclusively calls for material that is subject to the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 34.**

All Documents that may be offered into evidence at trial or depositions or that may be used to refresh the recollection of a witness at depositions or trial or that may be used in motion practice in this case, including all Documents that You contend support or relate to any defense You will raise.

**Response**: Defendants object to this request because Defendants have not yet determined what material will be offered into evidence at trial or depositions, or what material may be used to refresh the recollection of a witness at depositions or trial, or what material may be used in motions practice in this case, in part because it is not yet clear what motions practice will take place in this case. Defendants propose that Plaintiffs renew this request after Defendants can assess what material it seeks. Defendants reserve the right to use material that the rules permit Defendants to use, including in motions or at trial.

**REQUEST FOR PRODUCTION NO. 35.**

All Documents obtained as a result of releases or subpoenas concerning this case.

**Response**: Defendants will provide Plaintiffs with materials received pursuant to subpoenas lodged by Defendants in this case.

**REQUEST FOR PRODUCTION NO. 36.**

All Documents identified in, referred to in, or used to formulate Your initial disclosures.

**Response**: Defendants do not believe that their initial disclosures referenced any materials not already addressed above.

**REQUEST FOR PRODUCTION NO. 37.**

All Documents pertaining to Your Document destruction or retention policies.

**Response**: Defendants will search for a document retention policy or procedure.

Dated: December 19, 2022                  Respectfully submitted,

                                              Williams & Connolly LLP

                                              By: _/s/ Steven M. Cady_
                                              George A. Borden
                                              Steven M. Cady
                                              Andrew L. Hoffman (*pro hac vice*
                                              application forthcoming)

                        680 Maine Avenue SW
                        Washington, DC 20024
                        (202) 434-5321
                        scady@wc.com

*Counsel for Defendants*

## Certificate of Service

I hereby certify that on this 19th day of December, 2022, I electronically served the foregoing document by email on counsel of record for plaintiffs.

                                          */s/ Steven M. Cady*

17