# EXHIBIT 3

# WBE
## WEXLER BOLEY & ELGERSMA LLP

Zoran (Zoki) Tasić
Direct: 773-762-9744
zt@wbe-llp.com

January 4, 2023

<u>*Via Electronic Mail*</u>

Steven M. Cady
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
SCady@wc.com

Re: *Havrilla v. Centene Corp.*, No. 22 C 4126 (N.D. Ill.)
Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents

Counsel:

We write regarding Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents. For the reasons stated in this letter, Plaintiffs' position is that Defendants' objections to the RFPs are improper and ineffectual.

Plaintiffs' priority is to "secure the just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1. Thus, we think that the next step is to schedule a meet and confer to discuss the RFPs and Defendants' objections. While this letter lays out Plaintiffs' position on most of Defendants' responses and objections, we think it would be most productive for the first meet and confer to focus on the following three items, discussed in more detail below:

1. Plaintiffs request that Defendants promptly produce the documents produced in the *Harvey*, *Duff*, *Wilson*, and *Houston* actions, and in the course of any governmental investigation, regulatory action, or administrative proceeding. These documents are relevant, there is nothing barring their production in this case, they can be produced quickly and with minimal cost to Defendants, and Plaintiffs' review of those documents may help narrow Plaintiffs' discovery requests, thus further reducing burden on Defendants. Plaintiffs request that these documents be produced by **January 20, 2023**.

2. Plaintiffs' position is that there is no valid basis for limiting discovery in this case to the limitations period (August 2018 to the

    present) as Defendants propose. Plaintiffs' First Set of RFPs encompasses documents from October 1, 2013 to the present, as evidence predating the limitations period is relevant to the case.

3. There is no basis for Defendants' position that they are permitted to withhold documents that are "sensitive," reflect "business strategy," or are subject to a settlement agreement or a protective order in another case. Plaintiffs seek clarification from Defendants on their position so as to ensure that relevant, discoverable documents are not improperly withheld.

**A. The objections raised by Defendants are improper and thus without legal effect.**

    **1. Defendants' general objections are waived because they do not satisfy the "specificity" requirement of Federal Rule of Civil Procedure 34(b)(2)(B).**

For each document request, the responding party "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34 (b)(2)(B). Thus, "[o]bjections must be stated 'with specificity,'" and "[g]eneral objections … are "tantamount to not making any objection at all." *oughnane v. Zukowski, Rogers, Flood & McArdle*, No. 19 CV 86, 2019 WL 13073480, at *5 (N.D. Ill. Dec. 2, 2019) (citations and internal quotation marks omitted).

Moreover, "the burden is on the objecting party"—here Defendants— "to show why [a] request is improper." *Id.* And "[t]hat burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id.* (citation and internal quotation marks omitted).

Yet this litany of boilerplate objections is exactly what Defendants offer, as illustrated by the following non-exhaustive list of Defendants' objections:

- "While many of the individual Requests are not objectionable, in the aggregate the non-objectionable requests become objectionable because of the cumulative burden that would be imposed, which would likely

**WBE**
**WEXLER BOLEY & ELGERSMA** LLP

January 4, 2023
Page 3

outweigh the materials' utility in this case." (Defs.' General Objection No. 1.)

- "Defendants object to the Requests to the extent that they are vague, ambiguous, overly broad, lacking in particularity, unreasonable, unduly burdensome or oppressive, or call for information that is neither relevant to the claims, defenses or subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, this action." (Defs.' General Objection No. 3.)

- "This material is voluminous." (Defs.' Resp. to RFP No. 2.)

- "Defendants object to this request because it seeks material that … is unlikely to lead to admissible evidence." (Defs.' Resp. to RFP No. 17.)

- "This request … seems unreasonably broad … ." (Defs.' Resp. to RFP No. 24.)

- "[T]his request … appears to seek materials that are not relevant to or likely to lead to admissible evidence regarding Plaintiffs' claims." (Defs.' Resp. to RFP No. 26.)

- "Defendants object to this request because it seeks material that is voluminous, difficult to gather, and unlikely to lead to admissible evidence." (Defs.' Resp. to RFP Nos. 29, 30 & 31.)

Because they are improper boilerplate objections, these and other similar objections made by Defendants are waived. *Kelley v. Bd. of Educ. of City of Chicago*, No. 10 C 7875, 2012 WL 1108135, at *2 (N.D. Ill. Apr. 2, 2012).

**WBE**
**WEXLER BOLEY & ELGERSMA** LLP

January 4, 2023
Page 4

**2. Other attempts by Defendants to limit discovery through their objections and responses are without merit and ineffectual.**

In addition to being improperly general, several other objections and response by Defendants lack a legal basis and thus cannot operate to limit discovery.

*a. Defendants' objection to producing documents that are not "centrally maintained"*

Defendants state that they "object to the Requests to the extent that they purport to require Defendants to search for and produce information that is not centrally maintained by Defendants." (Defs.' General Objection No. 4.) But the discovery rules say nothing about information that is not "centrally maintained" being protected from discovery. The relevant question regarding the location of information is not whether information is "centrally maintained" but rather whether the information is "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

*b. Defendants' general invocation of privilege*

Defendants also generally "object to the Requests to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the business strategy immunity or any other applicable law, regulation, privilege, immunity or discovery protection, or that is otherwise protected from disclosure under applicable law." (Defs.' General Objection No. 7.) As an initial matter, this general objection is inoperative, as "a claim of privilege generally must be made and sustained on a question-by-question or document-by-document basis." *Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F. Supp. 3d 889, 894 (N.D. Ill. 2018) (citations and internal quotation marks omitted). Moreover, information regarding a company's business strategy is *not* privileged. *See, e.g.*, *Wilstein v. San Tropai Condo. Master Ass'n*, 189 F.R.D. 371, 379 (N.D. Ill. 1999) ("[D]iscussions by members of the [company's] board encompassing business strategy and decision-making are not privileged, regardless of whether or not the business decisions may have a legal impact on [the company]."); *ChampionsWorld, LLC v. U.S. Soccer*

**WBE**
**WEXLER BOLEY & ELGERSMA LLP**

January 4, 2023
Page 5

*Fed'n,* 276 F.R.D. 577, 589 (N.D. Ill. 2011) ("[C]ommunications regarding business strategy are not governed by the attorney-client privilege").

### c. Defendants' attempt to exclude from discovery "sensitive" information

Defendants also object to Plaintiffs' RFPs on the ground that they seek information that may be sensitive: "Defendants object to the Requests to the extent that they purport to require Defendants to provide sensitive commercial, competitively-significant, personal or other information relating to Centene or its employees and customers, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings." (Defs.' General Objection No. 9.)

None of the information or documents listed by Defendants is categorically excluded from discovery. *See, e.g.*, *Moss v. GEICO Indem. Co.*, No. 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *3 (M.D. Fla. Mar. 2, 2012) ("The Court is unaware of any statute, rule or case authority for the proposition that documents are not discoverable simply because they contain confidential or sensitive information."); *Gruenstein v. Browning*, No. 17-CV-02328, 2019 WL 13193422, at *2 (N.D. Ill. Sept. 28, 2019) ("[A] settlement agreement may be discoverable despite the inclusion of a confidentiality provision." (citations omitted)); *Adams v. Schmid Lab'ys, Inc.*, No. 86 C 4783, 1987 WL 6561, at *1 (N.D. Ill. Feb. 6, 1987) ("The unidentified confidentiality agreements which [Defendant] entered into at the time of settlement of other cases do not bar discovery in this case. Even if such agreements do not contain provisions permitting disclosure by court order, they are nevertheless subject to such an exception. [Defendant] is hereby ordered to produce information and documents otherwise discoverable notwithstanding any such confidentiality agreements.").

Rule 26(c)(1)(G) does permit a court to "issue an order for good cause that 'a trade secret or other confidential ... commercial information not be revealed or be revealed only in a specified way.'" *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, No. 16 C 9788, 2017 WL 5895143, at *3 (N.D. Ill. Nov. 27, 2017) (quoting the Rule). But "[t]he objecting party bears the burden of showing Rule 26(c)(1)(G) applies," *id.*, and

**WBE**
**WEXLER BOLEY & ELGERSMA** LLP

January 4, 2023
Page 6

Defendants have done nothing to satisfy that burden here. Moreover the Court has entered the parties' agreed Protective Order. (Dkt. No. 38.) The Protective Order was negotiated by the parties, and during those negotiations, Defendants never once expressed concerns about the adequacy of the protections that the Order affords to sensitive information.

    d. ***Defendants' attempt to limit discovery "to the class period"***

Defendants state in their general objections that they "will construe the requests to seek information relevant to the class period, August 2018 through the date of the complaint" (Defs.' General Objection No. 10), and refuse to produce documents responsive to three RFPs on this basis. (Defs.' Objections to RFP Nos. 7, 11 & 17.)

The class period defined in the Complaint is limited to the four years preceding the filing of the Complaint only because that is the statute of limitations under RICO. Contrary to Defendants' objections, Plaintiffs are not barred from seeking and obtaining discovery that predates the limitations period: "Evidence outside a limitations period is not automatically irrelevant to the claims and defenses in a case. The statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery." *Hum. Rts. Def. Ctr. v. Jeffreys*, No. 18 C 1136, 2022 WL 4386666, at *4 (N.D. Ill. Sept. 22, 2022).

The question, as always, is whether the information sought is *relevant*. And information that predates the limitations period can be as relevant as information within the limitations period. For example, the issue of Defendants' knowledge and intent is central to Plaintiffs' RICO claim, and "[i]nformation regarding practices before the applicable period of limitations may be relevant to issues such as intent and knowledge." *United States v. Dish Network, LLC*, No. 09-3073, 2011 WL 98951, at *3 (C.D. Ill. Jan. 10, 2011).

Here, Plaintiffs allege, among other things, that Defendants have operated as a RICO enterprise defrauding consumers since 2013, (Dkt. No. 1, Class Action Compl., at ¶ 1, 24, 141), and that Defendants knew before the limitations period that the lists of in-network providers offered by Ambetter plans was inaccurate and yet "continue[d] to misrepresent the benefits of Ambetter plans" (*id.* ¶¶ 145, 203).

**WBE**
**WEXLER BOLEY & ELGERSMA LLP**

January 4, 2023
Page 7

In short, the discovery that Plaintiffs seek from before the limitations period (beginning with October 1, 2013) is relevant to their claims, Defendants' objections to the contrary are without merit.

**B. Defendants should promptly produce the documents produced in the *Harvey*, *Duff*, *Wilson*, and *Houston* actions, and in the course of any governmental investigation, regulatory action, or administrative proceeding.**

Defendants have agreed "to produce materials produced in the *Wilson et al. v. Centene Management Company, LLC et al.* (Texas) case … after a qualified protective order is entered in this case." (Defs.' Resp. to RFP No. 9.) The Court has now entered the Protective Order agreed to by the parties. (Dkt. No. 38.) And given that the documents in *Wilson* already have been reviewed for privilege and Bates numbered, the burden of producing the documents is minimal. Plaintiffs therefore request that the *Wilson* documents be produced by **January 20, 2023**.

Plaintiffs also have requested all documents produced in *Harvey v. Centene Management Company*, LLC, No. 2:18-cv-00012-SMJ (E.D. Wash.) (RFP No. 7); *Duff v. Centene Corporation, et al.*, No. 1:19-cv-00750-TSB, (S.D. Ohio) (RFP No. 8); and *Houston v. Centene Management Company, LLC et al.*, No. 1:19-CV-20620-RAR (S.D. Fla.) (RFP No. 10)—as well as all documents "produced in the course of any governmental investigation, regulatory action, administrative proceeding, or court action regarding inaccuracies or deficiencies in Ambetter lists of network providers" (RFP No. 11).

Defendants raise various objections to the production of these documents, but as explained above, Defendants' objections are waived or otherwise without merit. Accordingly, Plaintiffs request that Defendants produce by **January 20, 2023** all documents produced in *Harvey*, *Duff*, *Houston*, and in the course of any governmental investigation, regulatory action, or administrative proceeding.

❧   ❧   ❧

**WBE**
**WEXLER BOLEY & ELGERSMA** LLP

January 4, 2023
Page 8

Plaintiffs request a meet and confer on **January 12, 2023**. If defense counsel is not available on that date, please provide dates and times during which you are available.

While Plaintiffs are prepared to discuss all of Defendants' objections to the First Set of RFPs, we believe that it would be most productive to begin the meet and confer by discussing the three points raised at the beginning of this letter—namely, (1) Plaintiffs request that Defendants promptly produce the documents produced in the *Harvey*, *Duff*, *Wilson*, and *Houston* actions, and in the course of any governmental investigation, regulatory action, or administrative proceeding; (2) the appropriate discovery period; and (3) Defendants' position that they are permitted to withhold certain "sensitive" documents.

Sincerely,

Zoran (Zoki) Tasić

cc: George Borden
Andrew L. Hoffman
Kenneth A. Wexler
Justin N. Boley
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Anthony J. Stauber
Beth E. Terrell
Jennifer Rust Murray
Amanda M. Steiner
Seth R. Lesser
Sarah Sears
Adam J. Zapala
Alexander Barnett
Ashtin Otto
Amy Catena