# EXHIBIT 4

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Matthew Havrilla et al., | |
|         Plaintiffs, | |
|         v. | Case No. 1:22-cv-04126 |
| Centene Corporation,<br>Centene Management Company LLC, and<br>Celtic Insurance Company, | Judge Nancy L. Maldonado |
|         Defendants. | |

**DEFENDANTS' INITIAL DISCLOSURES
FIRST SUPPLEMENT**

Defendants Centene Corporation, Centene Management Company LLC, and Celtic Insurance Company (collectively "Defendants"), by undersigned counsel, hereby make the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**I.    Initial Disclosure Qualifiers**

These disclosures are made with the following qualifications:

1.    Fact investigation is ongoing. These disclosures are based on counsels' reasonable inquiries to date and reflect only the current state of counsels' knowledge, understanding, and belief on these subjects. If this action proceeds and further investigation and discovery are conducted, additional or different documents, facts, and information may be revealed to or discovered by counsel for Defendants, or currently known facts and documents may be understood more fully or differently. Accordingly, without in any way obligating themselves to do so, Defendants reserve the right to amend, supplement, or otherwise modify

1

these initial disclosures. Defendants are willing to meet and confer with Plaintiffs to set mutual terms for updating initial disclosures, and with regard to the disclosures made herein.

2. These initial disclosures are provided without prejudice to Defendants' right to produce during discovery or at trial information or documents that may be subsequently discovered; subsequently understood more fully or differently; subsequently determined to be relevant for any purpose; and/or subsequently determined to have been omitted from these initial disclosures.

3. Defendants undertake no obligation to produce or identify materials that already are in the possession of Plaintiffs or otherwise available from public sources.

4. Defendants reserve all objections to the use for any purpose of these initial disclosures, as well as any information and/or documents provided in response to Defendants' initial disclosure obligations, in this case or any other case or proceeding.

5. Defendants reserve the right to object to the admission or discoverability of any materials or testimony on all grounds, at any time, including the grounds of authenticity, competency, privilege, the work product doctrine, undue burden, relevancy, materiality and/or hearsay.

6. By referring to categories of documents in these initial disclosures or as part of the initial disclosure process, Defendants make no representation or concession regarding the relevance, authenticity or admissibility of any particular document or the appropriateness of a discovery request seeking disclosure of any particular document.

7. These Initial Disclosure Qualifications apply to each and every disclosure set out below, and are incorporated by reference as though fully set out in each initial disclosure.

## II. Initial Disclosures

### A. Rule 26(a)(1)(A)(i): Individuals Likely To Have Discoverable Information Supporting Defendants' Defenses

Based on Plaintiffs' complaint, and to the extent presently known by counsel for Defendants, the following individuals likely have discoverable information that counsel for Defendants may use to support the defense in this action. The following disclosures do not include expert witnesses, who will be disclosed at a later date in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, nor do they include witnesses whose testimony would solely be used for impeachment. In providing this information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendants are not waiving any of their rights under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or any applicable statute or doctrine, including but not limited to any privilege or work product protection. Defendants expressly reserve the right to identify, depose, and call as witnesses additional persons if, during the course of discovery and investigation relating to this case, counsel for Defendants learn that such additional persons have relevant knowledge. Defendants reserve the right to supplement these initial disclosures as may be appropriate and warranted in the circumstances of this case.

| Name/Address | Subjects |
|---|---|
| **Defendants' Current and Former Employees** | |
| Joel Portman<br>Michael Diel<br>Natalie Lukaszewicz<br>Amy Condon<br>Mark Barrett<br>Brooke Filas<br>Defendants' employees who worked on the topics raised by plaintiffs, | Allegations in the Complaint, including regarding provider networks and provider directories, and Plaintiffs' individual experiences receiving health care. |

3

| | |
|---|---|
| including regarding provider networks and provider directories, which likely will include employees who worked on these issues in any states that remain relevant to this lawsuit after adjudication of Defendants' motion to dismiss.<br><br>Defendants' employees who worked on or assisted Plaintiffs with getting health care.<br><br>Defendants' current and former employees can be contacted via:<br><br>c/o Steve Cady<br>Williams & Connolly<br>680 Maine Avenue SW<br>Washington, DC 20024<br>scady@wc.com<br>202-434-5321 | |
| **Other Individuals/Entities** | |
| Individuals identified in the parties' joint Rule 26(f) report. | Allegations in the Complaint. |

In addition, Defendants identify the following categories of individuals who likely have discoverable information that counsel for Defendants may use to support the defense of this action (excluding individuals whose testimony would be solely for impeachment). Counsel for Defendants will better be able to identify those individuals with the most relevant knowledge on such matters as discovery progresses and the Court focuses the case through motions practice.

1. Individuals involved in provider network contracting and provider directories.

2. Individuals who have knowledge of Plaintiffs' health insurance claims.

3. Individuals who assisted Plaintiffs in obtaining health care.

4. Providers of healthcare to Plaintiffs.

4

Defendants also hereby incorporate and expressly reserve the right to use or rely on any individual or document listed on Plaintiffs' initial disclosures and any amendments or supplements thereto to support Defendants' defenses.

### B. Rule 26(a)(1)(A)(ii): Documents that Defendants May Use To Support Their Defenses

Subject to and without waiving the Initial Disclosure Qualifications, counsel for Defendants presently believe that the categories of documents, electronically stored information, and tangible things identified below are likely to contain non-privileged, discoverable information that Defendants may use to support their defenses (except for documents and things that Defendants may use solely for impeachment). In providing this information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendants are not waiving any of their rights under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, or any applicable statute or doctrine, including but not limited to any privilege or work product protection, nor are they admitting or stating that the materials within the categories identified below are currently in their possession, custody or control. By identifying or referring to the documents or categories of documents in their disclosures, Defendants do not waive any objection they may have to the admissibility of any individual document at trial.

Counsel for Defendants have described documents and other materials by category. Defendants expressly reserve the right to identify and introduce as evidence additional documents, electronically stored information, and tangible things if, during the course of discovery and investigation relating to this case, counsel for Defendants learn that such additional materials exist or that such additional materials are relevant to any newly identified factual or legal contention. Defendants reserve the right to introduce as evidence and rely upon

5

materials that are not presently within Defendants' possession, custody, or control, but that are produced by other parties in this litigation.

Subject to the foregoing and based upon presently available information, counsel for Defendants identify at least the following categories of documents, electronically stored information, and tangible things:

1. Materials referenced in Plaintiffs' Complaint.

2. Materials referenced in Defendants' motion to dismiss.

3. Materials referenced in the parties' Joint Rule 26(f) report.

4. Documents or communications concerning the allegations referenced in Plaintiffs' Complaint.

5. Insurance contracts relevant to Ambetter Health insurance policies offered in various states at various times.

6. Materials made available to customers or potential customers of Ambetter Health insurance policies.

7. Such other documents, electronically stored information, and tangible things that may be discovered, or whose importance and relevance may be determined during the course of this litigation.

**C.    Rule 26(a)(1)(A)(iii): Computation of Damages**

Subject to and without waiving the Initial Disclosure Qualifications, counsel for Defendants state that they have no disclosures to make pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), and Defendants have not at this juncture claimed any category of damages in this case.

D. **Rule 26(a)(1)(A)(iv): Insurance Agreements**

Subject to and without waiving the Initial Disclosure Qualifications, counsel for Defendants will produce to Plaintiffs copies of any applicable policies of insurance that may be liable to satisfy part or all of a judgment in this action, or to indemnify or reimburse for payments made to satisfy the judgment, upon entry of a Protective Order.

Dated: November 18, 2022  
Supplemented: January 20, 2023

Respectfully submitted,

Williams & Connolly LLP

By: _/s/ Steven M. Cady_  
George A. Borden  
Steven M. Cady  
Andrew L. Hoffman (*pro hac vice* application forthcoming)  
680 Maine Avenue SW  
Washington, DC 20024  
(202) 434-5321  
scady@wc.com

*Counsel for Defendants*

### Certificate of Service

I hereby certify that on January 20, 2023, I served upon counsel for Plaintiffs the foregoing document by electronic mail.

_/s/ Steven M. Cady_