# EXHIBIT 5

# TERRELL | MARSHALL
## LAW GROUP PLLC

Jennifer Rust Murray
jmurray@terrellmarshall.com

Our File No. 2577-001.D

February 3, 2023

**VIA EMAIL ONLY**
Steven M. Cady
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Email: scady@wc.com

Re: *Matthew Havrilla, et al. v. Centene Corporation, et al.*
<u>United States District Court – Northern District of Illinois – Case No. 1:22-cv-04126</u>

Dear Steve:

We received your supplemental responses and objections to Plaintiffs' first set of requests for production of documents, have commenced reviewing the documents your client produced, and would like to meet and confer about the issues outlined below. We are generally available to confer on **February 8, 2023 at 8 a.m. PT/10:00 a.m. CT/11:00 a.m. ET**. If that date and time does not work, please propose a few alternative dates and times.

**A. Communication and coordination.**

In your preliminary statement and general objections you state that "many of the individual Requests are not objectionable" but the requests "become objectionable because of the cumulative burden that would be imposed … ." For reasons already stated in our letter of January 4, 2023, this is not a proper objection.

Regardless, if your position is that our requests are not objectionable individually, but are burdensome "in the aggregate," it is crucial that you reach out to us *before* producing documents so that we can talk about production priorities. For example, in your supplemental production you produced thousands of pages of documents, including documents previously produced in the *Wilson* matter pending in Texas. But you did not produce deposition transcripts and discovery responses, including responses to interrogatories, requests for admission, and requests for production from the *Wilson*, *Houston*, *Duff*, or *Harvey* matters as we had specifically requested during our January 16 call.

Had you talked to us before supplementing your latest production, we again would have asked you to produce those materials first and to wait on certain categories of documents such as Spanish versions of Evidence of Coverage documents. Production of those documents, which are essentially duplicates of the English-language versions, artificially and unnecessarily

increased the number of pages you produced and the corresponding burden on your client—and on Plaintiffs. We are not saying that the documents are not responsive or that they should not ultimately be produced, but they certainly should not have been prioritized for production.

Moreover, the Agreed Order Regarding Production of Electronically Stored Information and Paper Documents ("Order Regarding Production") entered by the Court *requires* that you meet and confer with us regarding which documents to prioritize for production:

> When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI. **The parties agree to meet and confer to discuss whether certain categories of information can be prioritized over other categories** and, subject to any privilege objections, the sources of the parties' document productions and the identification of relevant custodians. **Following the initial production, the parties will continue to prioritize the order of subsequent productions.**

(Dkt. No. 37 at § 6.)

As we stated in our letter of January 4, 2023, our goal is to "secure the just, speedy, and inexpensive determination" of this action (Fed. R. Civ. P. 1), making communication and coordination essential.

To that end, Please produce by **February 10, 2023** all deposition transcripts, interrogatory answers, request for production responses, and request for admission responses from *Wilson*, *Houston*, *Duff*, and *Harvey*

Also, in advance of future productions, please reach out to us before you produce the documents to discuss what you intend to produce and to coordinate the timing and form of production, as required by the Court's Order Regarding Production.

B.  **Initial and Supplemental Disclosures.**

Defendants' initial disclosures did not identify by name any individual who is likely to have discoverable information. At Plaintiffs' counsel's request, Defendants supplemented their initial disclosures.

Defendants' supplemental disclosures also are deficient. First, Defendants fail to describe the discoverable information that each individual possesses, instead lumping all six individuals in a group and then generically stating that all six may have discoverable information about the "[a]llegations in the Complaint, including regarding provider networks and provider directories, and Plaintiff's individual experiences receiving health care."

Defendants' minimal and boilerplate disclosures do not comply with Fed. R. Civ. P. 26(a), which requires Defendants to identify by name each individual likely to have discoverable information "along with the subjects of that information." From Defendants' generic descriptions, Plaintiffs are unable to discern the subjects of information that the particular witness may have.

Second, basic internet research shows that Defendants' disclosures also are incomplete. Plaintiffs have identified dozens of Defendants' current and former employees who also appear

to have knowledge of Defendants' provider networks, provider directories, and the allegations in the Complaint. *See* Exhibit 1 (Proposed Custodian List).

By **February 10, 2023,** please supplement your initial disclosures with a fulsome list of witnesses that complies with the Federal Rules of Civil Procedure by specifying the information that they each possess.

**C. Form of production.**

To date, none of Defendants' document productions have complied with the Court's Order Regarding Production. Dkt. No. 37.

During our conference call on January 16, 2023, we discussed various issues with Defendants' document production of January 11, 2023, including: (1) the load file does not contain information about what the documents are (no custodian, date, or file structure); (2) the spreadsheets do not appear to have dates; (3) no data dictionary was provided for the data produced in the spreadsheets; and (4) the production fails to identify the system the data is from.

Defendants still have not provided a load file containing metadata for the December 16, 2022 production. The following productions of January 11, 2023 and January 20, 2023 included some metadata, but the load files were incomplete for those productions as well.

Among other things, Defendants still have not produced metadata required by the Court's Order Regarding Discovery—including, among other things, the <u>custodians</u> of the particular documents or data. That information is specifically required by the Court's Order Regarding Production. (*See* Dkt. No. 37 at Section II.B, E.) Defendants also have failed to comply with several other provisions of the ESI Order, including: Section 5 (production formats), Section 6 (phasing productions so as to prioritize certain categories of information, discussed above), Section I.H of Appendix A (productions from databases must contain a data dictionary).

In sum, please reproduce the load files for all three productions by **February 10, 2023**. The new load files should include all metadata fields listed in the ESI Protocol:

- BegBates
- EndBates
- BegAttach
- EndAttach
- Custodian
- CustodianOther
- File Path
- All Paths
- NativeFile
- Email Thread ID
- Thread Index
- EmailSubject

Steven M. Cady
February 3, 2023
Page 4

- DateSent
- TimeSent
- TimeZoneUsed
- ReceiveDate
- ReceiveTime
- To
- From
- CC
- BCC
- DateCreated
- FileName
- Title
- Subject
- Author
- DocExt
- TextPath
- Redacted
- Paper
- Confidentiality
- Track Changes
- Hidden Content
- Pages
- File size
- MD5 Hash
- SHA1 Hash
- Has Comments
- Speaker Notes

    In addition, please provide a letter with each production identifying by Bates range the documents produced and the specific document request to which the documents are responsive. *See* Fed. R. Civ. P. 34(b)(2)(i) ("A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request*.") That information will help us coordinate and prioritize future document productions.

    Finally, it took our firm days to download the production through Kiteworks. Wexler Boley & Elgersma experienced similar delays. Could the parties agree to transmit documents using Share File? We can provide you with a secure account with full permissions to upload, download, and or otherwise modify the contents of your productions.

Steven M. Cady
February 3, 2023
Page 5

**D. "Supplemental" objections are invalid.**

For the reasons detailed in our letter of January 4, 2023, the objections Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents are all either waived or otherwise without merit. To the extent that Defendants have attempted to modify or expand upon those objections in their supplemental responses to Plaintiffs' First Set of RFPs, such "supplemental" objections are untimely and therefore invalid. *See* Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served … .").

**E. Relevant time period.**

Plaintiffs' requests specify a relevant time period of October 1, 2013 to the present. During our January 16, 2023 call, you said you would consider an extended time period on a "case by case basis." We cannot agree to that.

As we pointed out during the call, this is a RICO case alleging that the enterprise existed for 10 years. Information from the extended time frame is relevant to refute any argument that Defendants did not know or could not have known about the allegedly deceptive practices. This information includes data about consumer complaints, plan brochures, and provider network data and details. We understand you are concerned about burden, but as we pointed out both in our letter of January 4 and during our call, burden needs to be proven with specific evidence about cost, time, and why the request is disproportional to the needs of the case. Defendants failed to make that showing in their discovery responses.

**F. Search terms and custodians.**

With this letter, we have attached a list of proposed search terms and custodians. Please let us know by **February 10, 2023** whether Defendants agree to these custodians and search terms.

We continue to review your responses to our specific document requests as well as the documents themselves. We will let you know promptly if we have additional concerns other than those raised above. We look forward to discussing these issues with you on February 8.

Very truly yours,

TERRELL MARSHALL LAW GROUP PLLC

*Jennifer Rust Murray*

Jennifer Rust Murray

JRM/hr

Steven M. Cady
February 3, 2023
Page 6

cc:     Daniel C. Hedlund (via email only)
        Michelle J. Looby (via email only)
        Adam John Zapala (via email only)
        Alexander E. Barnett (via email only)
        Beth E. Terrell (via email only)
        Amanda M Steiner (via email only)
        George Boden
        Andrew L. Hoffman
        Kenneth A. Wexler (via email only)
        Justin N. Boley (via email only)
        Zoran (Zoki) Tasic (via email only)
        Daniel E. Gustafson (via email only)
        Seth R. Lesser (via email only)
        Sarah Sears (via email only)
        Ashtin Otto (via email only)
        Amy Catena (via email only)
        Jodi Nuss (via email only)