# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW HAVRILLA, et al., ) | |
| ) | No. 22 C 4126 |
| Plaintiffs, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| CENTENE CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs allege that defendants have operated as a RICO enterprise since 2013, selling fraudulent health insurance policies under the brand name "Ambetter" to millions of consumers across twenty-six states. They also contend that defendants have shirked their discovery obligations and ask the Court to compel defendants to: "(1) produce the names and job titles of the persons for whom Defendants have preserved ESI; (2) produce responsive documents from Plaintiffs' proposed custodians; (3) provide information regarding the non-custodial documents produced thus far; and (4) produce discovery from the time period relevant to this action, which is October 1, 2013 to the present." (ECF 47 at 1.)

Plaintiffs' first request is grounded in the agreed order regarding the production of ESI and the Federal Rule of Civil Procedure 26(a). The former requires the parties "[to] confer regarding a list of the types of ESI they believe should be preserved, including a description of systems, if any, that contain ESI not associated with individual custodians; and names of the custodians, and general job titles or descriptions of custodians, for whom they believe ESI should be preserved." (ECF 37 at 1.) The latter requires that parties disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Defendants contend that they have fulfilled these obligations by giving plaintiffs "a list of the employees on [defendants'] litigation hold." (*See* ECF 50 at 2.) That list contains the names of various people under the headings of plan presidents, network development and contracting, and provider data management. (ECF 52-2.) It does not, however, contain job titles or job descriptions for the people set forth on it, state what company employs or employed them, or indicate which of the identified individuals is likely to have discoverable information. (*See id.*) Thus, defendants must provide this information to plaintiffs.

Plaintiffs' second request, that defendants be required to produce responsive documents from the list of custodians plaintiffs identified, is also granted. Defendants say it would be unduly burdensome for them to produce these documents (ECF 50 at 2), but they offer no evidence to support that assertion. *See Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2014 WL 3809763, at *2 (N.D. Ill. Aug. 4, 2014) (stating that an undue burden objection must be supported by

"affirmative proof in the form of affidavits or record evidence"). Defendants also say they want to meet and confer with plaintiffs about the list, but meet-and-confer efforts thus far have fallen short. (*See* ECF 47 at 3-7.) Thus, defendants must produce these documents.

The Court also grants the motion with respect to plaintiffs' request for production of information about the noncustodial documents defendants have produced thus far, *i.e.*, where were the documents collected from, how are they maintained, and who created them. Though defendants say they have already given plaintiffs "information about the provenance" of these documents (ECF 50 at 2), they do not offer an affidavit or any other support for that assertion. Accordingly, defendants must produce this information.

Plaintiffs' last request is that defendants be required to produce documents starting October 1, 2013. Defendants say they have agreed to do so. (*Id.*) Thus, the Court denies this request as moot.

For all of these reasons, the Court grants in part and denies as moot in part plaintiffs' motion to compel [ECF 47]. Defendants must comply with this order on or before April 21, 2023.

**SO ORDERED.**              **ENTERED: April 6, 2023**

_____
**M. David Weisman**
**United States Magistrate Judge**