**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Matthew Havrilla et al., | |
| Plaintiffs, | Case No. 1:22-cv-04126 |
| v. | Judge Nancy L. Maldonado |
| Centene Corporation, Centene Management Company LLC, and Celtic Insurance Company, | Magistrate Judge M. David Weisman |
| Defendants. | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' COMPLAINT**

Defendants Centene Corporation, Centene Management Company LLC, and Celtic Insurance Company (collectively, "Centene"), file this Answer and Affirmative Defenses to Plaintiffs' Complaint. Centene denies all of Plaintiffs' allegations except insofar as it expressly admits them. Any allegation in the Complaint not explicitly responded to in this Answer, including any allegations made in the Complaint's headings or sub-headings, which are reproduced below for ease of reference only, is hereby denied. Centene responds to Plaintiffs' allegations using the following numbered paragraphs that correspond to the paragraphs in the Complaint:

## I.    INTRODUCTION

1.    Centene admits that it is a provider of health-insurance plans that can be sold on the online exchanges established by the Affordable Care Act ("ACA"). Centene otherwise denies the allegations in Paragraph 1.

2.    Centene admits that it is a provider of health insurance. Centene otherwise denies the allegations in Paragraph 2.

3. Centene admits that it is a provider of Medicaid managed-care health plans. Centene otherwise denies the allegations in Paragraph 3.

4. Centene admits that it offers health insurance plans on the exchanges established by the Affordable Care Act, and that it offers Affordable Care Act insurance under the Ambetter brand. Centene otherwise denies the allegations in Paragraph 4.

5. Centene admits that Ambetter insurance plans have been offered on exchanges in the 26 states referenced in the complaint. Centene otherwise denies the allegations in Paragraph 5.

6. In response to Paragraph 6, Centene responds that the cited documents speak for themselves. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 6.

7. In response to Paragraph 7, Centene responds that the cited document speaks for itself. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 7.

8. Centene lacks sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies them.

9. In response to Paragraph 9, Centene responds that the cited document and statement speak for themselves. Centene otherwise denies the allegations in Paragraph 9.

10. In response to Paragraph 10, Centene responds that the cited documents speak for themselves. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 10.

11. Centene denies the allegations in Paragraph 11.

12. Centene denies the allegations in Paragraph 12.

13. Centene denies the allegations in Paragraph 13.

14.     Centene denies the allegations in Paragraph 14.

15.     Centene denies the allegations in Paragraph 15.

16.     Centene denies the allegations in Paragraph 16.

17.     Centene denies the allegations in Paragraph 17.

18.     Centene denies the allegations in Paragraph 18.

19.     Centene denies the allegations in Paragraph 19.

20.     Centene denies the allegations in Paragraph 20.

21.     Centene denies the allegations in Paragraph 21.

22.     Centene denies the allegations in Paragraph 22.

23.     Centene denies the allegations in Paragraph 23.

24.     Centene denies the allegations in Paragraph 24.

25.     In response to Paragraph 25, Centene responds that the cited document and statement speak for themselves.  Centene otherwise denies the allegations in Paragraph 25.

26.     Centene denies the allegations in Paragraph 26.

27.     Centene denies the allegations in Paragraph 27.

28.     Paragraph 28 contains a statement of the relief Plaintiffs are seeking, and no response is required.  To the extent a response is deemed required, Centene denies the allegations in Paragraph 28.

## II.     PARTIES

### A.     Plaintiffs

#### 1.     Matthew Havrilla

29.     Centene admits that Matthew Havrilla appears to have been an Ambetter health plan member in 2021.  Centene lacks sufficient information to admit or deny the remaining allegations in Paragraph 29 and therefore denies them.

30.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 30 and therefore denies them.

31.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 31 and therefore denies them.

32.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies them.

33.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 33 and therefore denies them.

34.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 34 and therefore denies them.

35.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 35 and therefore denies them.

36.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 36 and therefore denies them.

37.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 37 and therefore denies them.

38.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 38 and therefore denies them.

39.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 39 and therefore denies them.

40.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 40 and therefore denies them.

41.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 41 and therefore denies them.

42.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 42 and therefore denies them.

### 2.     Cynthia Dawson

43.     Centene admits that Cynthia Dawson appears to have been an Ambetter health plan member in 2018, 2019, and 2020.  Centene lacks sufficient information to admit or deny the remaining allegations in Paragraph 43 and therefore denies them.

44.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 44 and therefore denies them.

45.     Centene denies that it advertises a list of in-network providers for Ambetter. Centene otherwise lacks sufficient information to admit or deny the allegations in Paragraph 45 and therefore denies them.

46.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 46 and therefore denies them.

47.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 47 and therefore denies them.

48.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 48 and therefore denies them.

49.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 49 and therefore denies them.

50.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 50 and therefore denies them.

51.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 51 and therefore denies them.

52.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies them.

53.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 53 and therefore denies them.

54.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 54 and therefore denies them.

55.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 55 and therefore denies them.

56.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 56 and therefore denies them.

57.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 57 and therefore denies them.

58.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 58 and therefore denies them.

59.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 59 and therefore denies them.

60.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 60 and therefore denies them.

61.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 61 and therefore denies them.

62.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 62 and therefore denies them.

63.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 63 and therefore denies them.

### 3.     Alden Henriksen

64.     Centene admits that Alden Henriksen appears to have been an Ambetter health plan member in 2019.  Centene lacks sufficient information to admit or deny the remaining allegations in Paragraph 64 and therefore denies them.

65.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 65 and therefore denies them.

66.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 66 and therefore denies them.

67.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 67 and therefore denies them.

68.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 68 and therefore denies them.

69.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 69 and therefore denies them.

### 4.     Melody DeSchepper

70.     Centene admits that Melody DeSchepper appears to have been an Ambetter health plan member in 2021.  Centene lacks sufficient information to admit or deny the remaining allegations in Paragraph 70 and therefore denies them.

71.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 71 and therefore denies them.

72.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 72 and therefore denies them.

73.     Centene denies that Plaintiff DeSchepper's Ambetter plan did not deliver the promised benefits.  Centene otherwise lacks sufficient information to admit or deny the allegations in Paragraph 73 and therefore denies them.

74.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 74 and therefore denies them.

75.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 75 and therefore denies them.

### 5.     Christopher Tilton

76.     Centene admits that Christopher Tilton appears to have been an Ambetter health plan member in 2021.  Centene lacks sufficient information to admit or deny the remaining allegations in Paragraph 76 and therefore denies them.

77.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 77 and therefore denies them.

78.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 78 and therefore denies them.

79.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 79 and therefore denies them.

80.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 80 and therefore denies them.

81.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 81 and therefore denies them.

82.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 82 and therefore denies them.

83.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 83 and therefore denies them.

84.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 84 and therefore denies them.

85.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 85 and therefore denies them.

86.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 86 and therefore denies them.

87.     Centene denies that Plaintiff Tilton's Ambetter plan did not provide the promised benefits.  Centene otherwise lacks sufficient information to admit or deny the allegations in Paragraph 87 and therefore denies them.

88.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 88 and therefore denies them.

**6.     Mark Hackett**

89.     Centene admits that Mark Hackett appears to have been an Ambetter health plan member at times since 2018.  Centene lacks sufficient information to admit or deny the remaining allegations in Paragraph 89 and therefore denies them.

90.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 90 and therefore denies them.

91.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 91 and therefore denies them.

92.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 92 and therefore denies them.

93.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 93 and therefore denies them.

94.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 94 and therefore denies them.

95.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 95 and therefore denies them.

96.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 96 and therefore denies them.

97.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 97 and therefore denies them.

98.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 98 and therefore denies them.

99.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 99 and therefore denies them.

100.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 100 and therefore denies them.

101.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 101 and therefore denies them.

**B.     Defendants**

102.     Centene admits the allegations in Paragraph 102.

103.     Centene admits the allegations in Paragraph 103.

104.     Centene admits that Celtic Insurance Company is a corporation with an office at 200 East Randolph Street, Chicago, Illinois 60601. Centene otherwise denies the allegations in Paragraph 104.

### III.     JURISDICTION AND VENUE

105.     Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is deemed required, Centene admits that Plaintiffs' Complaint requests damages and injunctive relief under 18 U.S.C. §§ 1962(c) and 1964(c) and that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Centene denies that it is liable to Plaintiffs, that injunctive relief is appropriate, and that Plaintiffs are entitled to proceed on behalf of a proposed Class. Centene otherwise denies the allegations in Paragraph 105.

106.     Centene admits that this Court has personal jurisdiction over all Defendants in this matter because nationwide service of process is authorized by 18 U.S.C. § 1965(b), that Defendant Celtic Insurance Company has an office in Chicago, Illinois, and that Celtic Insurance Company is a subsidiary of Centene Corporation. Centene otherwise denies the allegations in Paragraph 106.

107.     Centene admits that venue is proper. Centene denies that any acts or omissions occurred in this District or elsewhere that make Centene liable to Plaintiffs for these or any other claims. Centene admits that Celtic Insurance Company is headquartered in Chicago, Illinois, and that it and Centene Management Company have an agent in this District. Centene otherwise denies the allegations in Paragraph 107.

### IV.     FACTUAL ALLEGATIONS

**A.     Defendants are members of a RICO enterprise that defrauds primarily low-income consumers, in part by taking advantage of enterprise members' status as Medicaid managed-care organizations.**

108.     Centene denies the allegations in Paragraph 108.

109.     Centene denies the allegations in Paragraph 109.

11

110.   In response to Paragraph 110, Centene responds that the cited document and statement speak for themselves.  Centene otherwise denies the allegations in Paragraph 110.

111.   In response to Paragraph 111, Centene responds that the cited document and statement speak for themselves.  Centene otherwise denies the allegations in Paragraph 111.

112.   In response to Paragraph 112, Centene responds that the cited documents and statements speak for themselves.  Centene otherwise denies the allegations in Paragraph 112.

113.   Centene admits that states contract with companies to offer managed-care insurance plans to Medicaid recipients and that such contracted companies are typically referred to as managed-care organizations or MCOs.  Centene otherwise denies the allegations in Paragraph 113.

114.   In response to Paragraph 114, Centene responds that the cited document and statement speak for themselves.  Centene otherwise denies the allegations in Paragraph 114.

115.   Centene admits that in 1997, most Medicaid beneficiaries were not enrolled in a comprehensive managed-care plan.  Centene denies the remaining allegations in Paragraph 115.

116.   In response to Paragraph 116, Centene responds that the cited document and statement speak for themselves.  Centene otherwise denies the allegations in Paragraph 116.

117.   Centene admits the allegations in Paragraph 117.

118.   Centene admits that it entered unrelated settlements with Ohio and Mississippi in 2021.  Centene otherwise denies the allegations in Paragraph 118.

119.   Centene denies the allegations in Paragraph 119.

120.   Centene denies the allegations in Paragraph 120.

121.   Centene admits that Ambetter plans are sold on the ACA exchanges in 26 states. Centene also admits that, in most of those states, Centene subsidiaries have contracts to provide

managed care plans to Medicaid beneficiaries. Centene otherwise denies the allegations in Paragraph 121.

121.     122.     Centene denies the allegations in Paragraph 122.

123.     Centene denies the allegations in Paragraph 123.

124.     Centene denies the allegations in Paragraph 124.

125.     Centene denies the allegations in Paragraph 125.

126.     Centene denies the allegations in Paragraph 126.

127.     In response to Paragraph 127, Centene responds that the cited document and statement speak for themselves. Centene otherwise denies the allegations in Paragraph 127.

128.     Centene denies the allegations in Paragraph 128.

129.     Centene admits that the listed entities are subsidiaries of Centene Corporation. Centene denies that such entities form an "enterprise" or otherwise engaged in actionable conduct.

**B.     Ambetter plans don't comply with the ACA's requirements.**

130.     Centene admits that ACA insurance plans are subject to numerous federal and state laws and regulations. Centene denies that Ambetter plans do not meet those requirements.

131.     Centene denies the allegations in Paragraph 131.

132.     Centene denies the allegations in Paragraph 132.

133.     Centene denies the allegations in Paragraph 133.

134.     Centene denies the allegations in Paragraph 134.

135.     Centene denies the allegations in Paragraph 135.

136.     In response to Paragraph 136, Centene responds that the cited statute speaks for itself. Centene otherwise denies the allegations in Paragraph 136.

137.     Centene denies the allegations in Paragraph 137.

**C.     Ambbetter plan documents misrepresent the benefits that members will receive.**

138.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 138 and therefore denies them.

139.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 139 and therefore denies them.

140.     In response to Paragraph 140, Centene responds that the cited document speaks for itself.  Centene denies that it made any misrepresentations to consumers and otherwise denies the allegations in Paragraph 140.

**D.     Defendants have been defrauding consumers since 2013.**

141.     In response to Paragraph 141, Centene responds that the cited documents and statements speak for themselves.  Centene denies that it or any of its employees or agents made any misrepresentations to consumers and otherwise denies the allegations in Paragraph 141.

**E.     Defendants engaged in racketeering by violating the criminal federal mail- and wire-fraud statutes millions of times incident to their scheme to defraud.**

142.     Centene denies the allegations in Paragraph 142.

143.     Centene denies the allegations in Paragraph 143.

144.     Centene denies the allegations in Paragraph 144.

145.     Centene denies the allegations in Paragraph 145.

146.     Centene denies the allegations in Paragraph 146.

147.     Centene denies the allegations in Paragraph 147.

148.     Centene denies the allegations in Paragraph 148.

149.     Centene denies the allegations in Paragraph 149.

150.     Centene denies the allegations in Paragraph 150.

151.     Centene denies the allegations in Paragraph 151.

**F.      The Ambetter Enterprise's scheme to defraud could not have been executed without Defendant Centene Corp. and its subsidiaries using their separate legal incorporation to facilitate racketeering activity.**

152.    Centene denies the allegations in Paragraph 152.

153.    Centene admits that in May 2014, Ambetter plans were offered in nine states, and that in 2022 Ambetter plans were offered in 26 states.  Centene otherwise denies the allegations in Paragraph 153.

154.    Centene admits that it acquired Defendant Celtic Insurance Co. in 2008 and that Celtic is licensed to sell insurance in multiple states.  Centene otherwise denies the allegations in Paragraph 154.

155.    In response to Paragraph 155, Centene responds that the cited documents and statements speak for themselves.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 155.

156.    Centene admits that Health Net of Arizona, Inc. is a subsidiary of Centene Corporation and was acquired in 2016.  Centene also admits that Health Net of Arizona has a contract to provide managed care to Medicaid beneficiaries in Arizona.  Centene otherwise denies the allegations in Paragraph 156.

157.    Centene admits that its subsidiary Health Net of Arizona, Inc. offers Ambetter from Arizona Complete Health in Arizona.  Centene otherwise denies the allegations in Paragraph 157.

158.    Centene admits the allegations in Paragraph 158.

159.    Centene admits that the Ambetter plan was offered in Michigan under the name "Ambetter from Meridian."  Centene otherwise denies the allegations in Paragraph 159.

160.    Centene denies the allegations in Paragraph 160.

161.    Centene denies the allegations in Paragraph 161.

162.     Centene admits that a license is required to sell health insurance in every state where an Ambetter health plan is sold.  Centene otherwise denies the allegations in Paragraph 162.

163.     In response to Paragraph 163, Centene responds that the cited document and statement speak for themselves.  Centene otherwise denies the allegations in Paragraph 163.

**G.     Centene Corp. and Centene Management obtain their subsidiaries by acquiring companies that previously offered legitimate health insurance services and then use the subsidiaries to further the Ambetter Enterprise.**

164.     Centene denies the allegations in Paragraph 164.

165.     Centene denies the allegations in Paragraph 165.

166.     Centene denies the allegations in Paragraph 166.

167.     Centene denies the allegations in Paragraph 167.

168.     Centene admits that it acquired Health Net of Arizona, Inc., in 2016 and that Health Net of Arizona, Inc. does business as Arizona Complete Health.  Centene otherwise denies the allegations in Paragraph 168.

169.     Centene admits the allegations in Paragraph 169.

170.     Centene denies the allegations in Paragraph 170.

171.     Centene denies the allegations in Paragraph 171.

**H.     The Ambetter Enterprise defrauded not only consumers, but also the federal government.**

172.     Centene denies the allegations in Paragraph 172.

173.     Centene denies the allegations in Paragraph 173.

174.     In response to Paragraph 174, Centene responds that the cited document and statement speak for themselves.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 174.

175. In response to Paragraph 175, Centene responds that the cited document and statement speak for themselves. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 175.

176. Centene denies the allegations in Paragraph 176.

177. Centene denies the allegations in Paragraph 177.

178. Centene denies the allegations in Paragraph 178.

## V. CLASS ACTION ALLEGATIONS

179. Centene admits that Plaintiffs' Complaint purports to proceed on behalf of a Proposed Class or Classes, but denies that they are entitled to do so. Paragraph 179 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 179.

180. Centene admits that Plaintiffs' Complaint purports to proceed on behalf of a Proposed Class or Classes, but denies that they are entitled to do so. Paragraph 180 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 180.

181. Paragraph 181 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 181.

182. Paragraph 182 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 182.

183. Centene denies that members of the proposed class number in the millions. Paragraph 183 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 183.

184. Paragraph 184 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 184.

185.     Paragraph 185 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 185.

186.     Centene lacks sufficient information to admit or deny the allegations in Paragraph 186 and therefore denies them.

187.     Paragraph 187 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 187.

188.     Paragraph 188 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 188.

189.     Paragraph 189 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 189.

190.     Paragraph Centene denies the allegations in Paragraph 190.

## VI.     CLAIMS FOR RELIEF

**Claim 1: Violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)**

191.     Paragraph 191 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 191.

192.     Centene admits that Plaintiffs' Complaint purports to proceed on behalf of a Proposed Class or Classes, but denies that they are entitled to do so.

193.     Paragraph 193 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 193.

194.     Paragraph 194 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 194.

195.     Centene denies the allegations in Paragraph 195.

196. Paragraph 196 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 196.

197. Paragraph 197 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 197.

198. Paragraph 198 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 198.

199. Centene denies the allegations in Paragraph 199.

200. Centene denies the allegations in Paragraph 200.

201. Centene denies the allegations in Paragraph 201.

202. Centene denies the allegations in Paragraph 202.

203. Centene denies the allegations in Paragraph 203.

204. Centene denies the allegations in Paragraph 204.

205. Centene denies the allegations in Paragraph 205.

206. Centene denies the allegations in Paragraph 206.

207. Centene denies the allegations in Paragraph 207.

208. Centene denies the allegations in Paragraph 208.

209. Centene denies the allegations in Paragraph 209.

210. Centene denies the allegations in Paragraph 210.

211. Centene denies the allegations in Paragraph 211.

## Claim 2: Unjust Enrichment

212. Plaintiffs' claim for unjust enrichment has been dismissed, and accordingly no response is required. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 212.

213.     Plaintiffs' claim for unjust enrichment has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 213.

214.     Plaintiffs' claim for unjust enrichment has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 214.

215.     Plaintiffs' claim for unjust enrichment has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 215.

216.     Plaintiffs' claim for unjust enrichment has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 216.

217.     Plaintiffs' claim for unjust enrichment has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 217.

**Claim 3: Violations of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521 through 44-1534**

218.     Paragraph 218 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 218.

219.     Centene admits that Plaintiffs purport to sue on behalf of an "Arizona Class" but denies that they are entitled to do so.

220.     Paragraph 220 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 220.

221.     Paragraph 221 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 221.

222.     In response to Paragraph 222, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 222.

223.     Paragraph 223 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 223.

224.     Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 224 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 224.

225.     Centene denies the allegations in Paragraph 225.

226.     Centene denies the allegations in Paragraph 226.

227.     Centene denies the allegations in Paragraph 227.

228.     Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 228.

**Claim 4: Violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 through 17594**

229.     Paragraph 229 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 229.

230.     Centene admits that Plaintiffs purport to sue on behalf of a "California Class" but denies that they are entitled to do so.

231.    Paragraph 231 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 231.

232.    In response to Paragraph 232, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 232.

233.    Paragraph 233 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 233.

234.    Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 234 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 234.

235.    Centene denies the allegations in Paragraph 235.

236.    Centene denies the allegations in Paragraph 236.

237.    Centene denies the allegations in Paragraph 237.

238.    Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 238.

**Claim 5: Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 through 505/12**

239.    Paragraph 239 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 239.

240.    Centene admits that Plaintiffs purport to sue on behalf of an "Illinois Class" but denies that they are entitled to do so.

241.    Paragraph 241 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 241.

242.    Paragraph 242 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 242.

243.    Paragraph 243 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 243.

244.    In response to Paragraph 244, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 244.

245.    Paragraph 245 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 245.

246.    Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 246 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 246.

247.    Centene denies the allegations in Paragraph 247.

248.    Centene denies the allegations in Paragraph 248.

249.    Centene denies the allegations in Paragraph 249.

250.    Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 250.

**Claim 6: Violations of the Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann.
§§ 367.110 through 367.990**

251.    Paragraph 251 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 251.

252.    Centene admits that Plaintiffs purport to sue on behalf of a "Kentucky Class" but denies that they are entitled to do so.

253.    Paragraph 253 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 253.

254.    Paragraph 254 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 254.

255.    In response to Paragraph 255, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 255.

256.    Paragraph 256 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 256.

257.    Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 257 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 257.

258.    Centene denies the allegations in Paragraph 258.

259.    Centene denies the allegations in Paragraph 259.

260.    Centene denies the allegations in Paragraph 260.

261.     Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 261.

### Claim 7: Violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 through 59-1623

262.     Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 262.

263.     Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 263.

264.     Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 264.

265.     Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 265.

266.     Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 266.

267.     Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 267.

268.    Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 268.

269.    Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 269.

270.    Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 270.

271.    Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 271.

272.    Plaintiffs' claim under the Nebraska Consumer Protection Act has been dismissed, and accordingly no response is required.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 272.

**Claim 8: Violations of the Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 41.600, 589.0903 through 598.0999**

273.    Paragraph 273 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 273.

274.    Centene admits that Plaintiffs purport to sue on behalf of a "Nevada Class" but denies that they are entitled to do so.

275.    Paragraph 275 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 275.

276.    In response to Paragraph 276, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 276.

277.    Paragraph 277 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 277.

278.    Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 278 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 278.

279.    Centene denies the allegations in Paragraph 279.

280.    Centene denies the allegations in Paragraph 280.

281.    Centene denies the allegations in Paragraph 281.

282.    Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 282.

**Claim 9: Violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 through 56:8-91**

283.    Paragraph 283 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 283.

284.    Centene admits that Plaintiffs purport to sue on behalf of a "New Jersey Class" but denies that they are entitled to do so.

285.    Paragraph 285 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 285.

286.     Paragraph 286 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 286.

287.     In response to Paragraph 287, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 287.

288.     Centene denies the allegations in Paragraph 288.

289.     Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 289 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 289.

290.     Centene denies the allegations in Paragraph 290.

291.     Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 291.

**Claim 10: Violations of the New Mexico Unfair Practices Act, N.M. Stat. §§ 57-12-1 through 57-12-22**

292.     Paragraph 292 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 292.

293.     Centene admits that Plaintiffs purport to sue on behalf of a "New Mexico Class" but denies that they are entitled to do so.

294.     Paragraph 294 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 294.

295.     Paragraph 295 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 295.

296. In response to Paragraph 296, Centene responds that the cited statute speaks for itself. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 296.

297. In response to Paragraph 297, Centene responds that the cited statute speaks for itself. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 297.

298. In response to Paragraph 298, Centene responds that the cited statute speaks for itself. To the extent a further response is deemed required, Centene denies the allegations in Paragraph 298.

299. Paragraph 299 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 299.

300. Paragraph 300 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 300.

301. Centene denies that it made false representations or promises to Plaintiffs or putative class members. Paragraph 301 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 301.

302. Centene denies the allegations in Paragraph 302.

303. Centene denies the allegations in Paragraph 303.

304. Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 304.

**Claim 11: Violations of the New Mexico Unfair Insurance Practices Act, N.M. Stat. §§ 59A-16-1 through 59A-16-30**

305.    Paragraph 305 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 305.

306.    Centene admits that Plaintiffs purport to sue on behalf of a "New Mexico Class" but denies that they are entitled to do so.

307.    Paragraph 307 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 307.

308.    Paragraph 308 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 308.

309.    In response to Paragraph 309, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 309.

310.    Centene denies the allegations in Paragraph 310.

311.    Centene denies the allegations in Paragraph 311.

312.    Centene denies the allegations in Paragraph 312.

313.    Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 313.

**Claim 12: Violations of the North Carolina Unfair and Deceptive Practices Statute, N.C. Gen Stat. §§ 75-1.1 through 75-35**

314.    Paragraph 314 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 314.

315.     Centene admits that Plaintiffs purport to sue on behalf of a "North Carolina Class" but denies that they are entitled to do so.

316.     Paragraph 316 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 316.

317.     In response to Paragraph 317, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 317.

318.     Paragraph 318 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 318.

319.     Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 319 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 319.

320.     Centene denies the allegations in Paragraph 320.

321.     Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 321.

**Claim 13: Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. §§ 201-1 through 201-9.3**

322.     Paragraph 322 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 322.

323.     Centene admits that Plaintiffs purport to sue on behalf of a "Pennsylvania Class" but denies that they are entitled to do so.

324.     Paragraph 324 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 324.

325.     Paragraph 325 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 325.

326.     In response to Paragraph 326, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 326.

327.     Paragraph 327 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 327.

328.     Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 328 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 328.

329.     Centene denies the allegations in Paragraph 329.

330.     Centene denies the allegations in Paragraph 330.  Paragraph 330 is followed by an erroneously numbered Paragraph 303, in response to which Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in the erroneously numbered Paragraph 303.

**Claim 14: Violations of the Washington Consumer Protection Act, Wash Rev. Code
§§ 19.86.010 through 19.86.920**

331.     Paragraph 331 is an incorporation statement to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 331.

332.     Centene admits that Plaintiffs purport to sue on behalf of a "Washington Class" but denies that they are entitled to do so.

333.     Paragraph 333 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 333.

334.     Paragraph 334 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 334.

335.     In response to Paragraph 335, Centene responds that the cited statute speaks for itself.  To the extent a further response is deemed required, Centene denies the allegations in Paragraph 335.

336.     Paragraph 336 states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 336.

337.     Centene denies that it made false representations or promises to Plaintiffs or putative class members.  Paragraph 337 otherwise states legal conclusions to which no response is required, and to the extent a further response is deemed required, Centene denies the allegations in Paragraph 337.

338.     Centene denies the allegations in Paragraph 338.

339.     Centene denies the allegations in Paragraph 339.

340.     Centene denies the allegations in Paragraph 340.

341.     Centene admits that Plaintiffs purport to proceed on behalf of a Proposed Class, but denies that they are entitled to do so and otherwise denies the allegations in Paragraph 341.

## VII.    PRAYER FOR RELIEF

342.     Paragraph 342 is a statement of requested relief to which no response is required.  To the extent a further response is deemed required, Centene denies that Plaintiffs are entitled to any relief and otherwise denies the allegations in Paragraph 342.

**Affirmative Defenses**

Centene asserts the following affirmative defenses. Centene reserves the right to assert additional defenses or counterclaims as discovery proceeds. By asserting an affirmative defense, Centene does not assume the burden of proof regarding any matter for which, by law, Plaintiffs bear the burden of proof.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Complaint fails to plead with the particularity or specificity required by the Federal Rules of Civil Procedure.

3.      Plaintiffs lack standing to sue.

4.      Plaintiffs' claims are barred because Plaintiffs failed to exhaust administrative or contractual remedies.

5.      Plaintiffs' claims are barred because Plaintiffs' requests for relief have been satisfied.

6.      Plaintiffs' claims are barred because Plaintiffs suffered no injury factually caused by Centene.

7.      Plaintiffs' claims are barred because Plaintiffs suffered no injury proximately or legally caused by Centene.

8.      Plaintiffs' claims are barred because the damages alleged in the Complaint are too speculative or uncertain.

9.      Plaintiffs' claims are barred in whole or in part because Plaintiff failed to take reasonable action to mitigate the injuries alleged in the Complaint and/or to exhaust their contractual remedies before filing suit.

10.     Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to fulfill the presuit notice provisions required by their contracts with Centene.

11.     Plaintiffs' statutory claims are barred because the Complaint's allegations lie outside the zone of interests protected by any statutes invoked.

12.     Plaintiffs' claims are barred in whole or in part by statutes of limitations.

13.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

14.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands and/or the doctrine of *in pari delicto*.

15.     Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

16.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

17.     Plaintiffs' claims are barred in whole or in part by the filed-rate doctrine.

18.     Plaintiffs' claims are barred in whole or in part by the doctrine of implied immunity for acts approved or required by a regulator.

19.     Plaintiffs' state-law claims are barred in whole or in part because they are preempted by federal law.

20.     Plaintiffs' claims are barred in whole or in part because the Complaint requests relief that is against public policy.

21.     This case is not suitable for treatment as a class action.

### Centene's Prayer for Relief

Centene asks this Court to deny all of Plaintiffs' causes of action and claims for relief, to deny certification of a Class, to dismiss this action with prejudice, and to enter judgment for Centene.

Dated: May 16, 2024                                  Respectfully submitted,

Williams & Connolly LLP

By: */s/ Steven M. Cady* _____
George A. Borden
Steven M. Cady

Andrew L. Hoffman (*pro hac vice* application forthcoming)
Dylan C. McDevitt
Jacob T. Young (*pro hac vice* application forthcoming)
Jonathan E. Spratley (*pro hac vice* application forthcoming)
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
scady@wc.com

*Attorneys for Defendants*

**Certificate of Service**

I hereby certify that on this 16th day of May, 2024, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system, which will serve this document on all counsel of record via transmission of Notices of Electronic Filing.

  */s/ Steven M. Cady*