IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW HAVRILLA, CYNTHIA DAWSON, ALDEN HENRIKSEN, MELODY DESCHEPPER, CHRISTOPHER TILTON, and MARK HACKETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTENE CORPORATION; CENTENE MANAGEMENT COMPANY LLC; and CELTIC INSURANCE COMPANY,<br><br>Defendants. | Case No. 22 C 4126<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman |

**JOINT STATUS REPORT OF THE PARTIES**

Plaintiffs and Defendants respectfully submit this Joint Status Report pursuant to the Court's Minute Entry of May 12, 2025 (Dkt. No. 155), in which the Court ordered the Parties to file the report, along with a proposed case schedule, by noon on May 19, 2025.

**I. Plaintiffs' Statement**

In the last status report filed by the parties, Plaintiffs agreed to Defendants' request for a 10-day extension for the submission of proposed schedules to give Defendants time to determine when they could complete production of the custodial discovery ordered by the Court.

Plaintiffs did not receive any communications from Defendants until 9:00 a.m. CT on May 19, 2025—three hours before the deadline for the filing of this status report—despite Plaintiffs' having followed up with Defendants since the filing of the joint status report on May 14 and May 16. Plaintiffs understand from Defendants' May 19 email that Centene's

export of documents is not yet complete; that the documents cannot be de-duplicated until the export is complete; and that, until such de-duplication is complete, Defendants cannot provide an estimate of how long the document-review and production process will take and thus cannot commit to a schedule. Plaintiffs are not willing to agree at this time to another delay of indeterminate length to propose a schedule. Thus Plaintiffs are proposing the case schedule that they initially proposed to Defendants on May 1, submitted as **Attachment 1** to this report.

Defendants have been on notice of the need to provide the Court with a proposed discovery schedule since the motion to compel hearing on April 17, nearly a month ago. Defendants have been on notice of the general contours of virtually all of Plaintiffs' proposed search terms in this case for over two years. Based on their extensive experience with voluminous ESI productions in other highly complex civil litigation against defendants and defense firms of similar capabilities and resources, Plaintiffs are confident that Centene can meet a reasonable discovery schedule if so ordered by this Court.

The schedule proposed by Plaintiffs largely maintains the spacing of deadlines in the schedule that was jointly submitted by the Parties and adopted by the Court in January, and extends those deadlines by four months.[1] *See* Dkt. No. 137, Minute Entry; Dkt. No. 136-1, Parties' Jointly Proposed Am. Case Schedule.

A side-by-side comparison shows the former deadlines and Plaintiffs' proposed deadlines up to the close of fact discovery:

---

[1] The only modification to the spacing of deadlines is that a little more time was added to the deposition deadline to account for the holidays.

| Previous Deadline | Plaintiffs' Proposed Deadline | Event |
|---|---|---|
| April 18, 2025 | August 15, 2025 | Deadline for parties to certify that production of custodial documents is substantially complete. |
| May 16, 2025 | September 12, 2025 | Deadline for parties to complete all document productions, including productions of data. |
| May 23, 2025 | September 19, 2025 | Parties to file joint status report that includes show-cause justification for why sanctions are not warranted for any outstanding discovery deficiencies. |
| September 18, 2025 | February 16, 2026 | Deadline for parties to complete depositions of fact witnesses. Fact discovery closes, except for requests for admissions, which may be served up to 45 days before the initial pretrial conference.<br><br>Parties to propose further case schedule including class certification and summary judgment briefing. |

The four-month extension of the deadlines proposed by Plaintiffs is warranted given that the bulk of the past four months (since the last schedule was entered) has been devoted almost entirely to litigating Plaintiffs' motion to compel custodial discovery, which was filed on February 7. *See* Dkt. No. 138, Pls.' Mot. to Compel Defs.' Production of Custodial Docs. At the Court's request, Plaintiffs amended that motion (on February 13) and submitted supplemental briefing (on March 26). Defendants chose not to respond to the Court's request for supplemental briefing and instead the Parties and the Court engaged in almost two hours of oral argument over the disputed search terms. The Court ruled on Plaintiffs' motion—the third necessary motion to compel from Plaintiffs—on April 17, ordering Defendants to provide responsive documents for 15 of the 25 search strings proposed by Plaintiffs. Dkt. No. 150, Order.

A four-month extension of the discovery deadlines is also necessary because of (1) Defendants' history of delayed document productions even after such productions have been agreed to or ordered by the Court, and (2) Defendants' representation that it will take them "another year" to complete discovery because of the "review of several hundred thousand [custodial documents]." Tr. of Proceedings on April 17, 2025, at 41:12–18.

Plaintiffs respectfully request that the Court enter an order adopting their proposed case schedule, submitted as Attachment 1 to this report.

## II. Defendants' Statement

IT people at Centene and its e-discovery vendor, Lighthouse Global, continue to work on but have not yet completed the work needed to assess the number of unique documents that will need to be reviewed in connection with this supplemental discovery request. This work has taken longer than expected because of the massive size of the documents that must be exported, processed, and de-duplicated. They estimate that the work will be complete in 10 more days, at which point Centene should know the quantum and likely the time it will take to review the documents in this supplemental discovery request.

Dated: May 19, 2025

/s/ *Justin N. Boley*

Kenneth A. Wexler
Justin N. Boley
Zoran Tasić
WEXLER BOLEY & ELGERSMA LLP
311 S. Wacker Drive, Suite 5450
Chicago, IL 60606
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wbe-llp.com
jnb@wbe-llp.com
zt@wbe-llp.com

Daniel E. Gustafson

     (*pro hac vice* forthcoming)
Daniel C. Hedlund
     (*pro hac vice*)
Michelle J. Looby
     (*pro hac vice)*
Anthony J. Stauber
     (*pro hac vice*)
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
tstauber@gustafsongluek.com

Beth E. Terrell
     (*pro hac vice*)
Jennifer Rust Murray
     (*pro hac vice*)
Amanda M. Steiner
     (*pro hac vice*)
TERRELL MARSHALL LAW GROUP
936 North 34th Street, Suite 300
Seattle, Washington 98103
Tel: (206) 816-6603
Fax: (206) 319-5450
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com
asteiner@terrellmarshall.com

Seth R. Lesser
     (*pro hac vice* forthcoming)
Sarah Sears
     (*pro hac vice* forthcoming)
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
sarah.sears@klafterlesser.com

Adam J. Zapala
     (*pro hac vice*)
COTCHETT, PITRE & MCCARTHY, LLP

        840 Malcolm Road
        Burlingame, CA 94010
        Tel: (650) 697-6000
        Fax: (650) 697-0577
        azapala@cpmlegal.com

*Attorneys for Plaintiffs*

/s/ *Steven M. Cady*
Steven M. Cady
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: 202-434-5321
scady@wc.com

*Attorney for Defendants*