IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW HAVRILLA, CYNTHIA DAWSON, ALDEN HENRIKSEN, MELODY DESCHEPPER, CHRISTOPHER TILTON, and MARK HACKETT, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>CENTENE CORPORATION; CENTENE MANAGEMENT COMPANY LLC; and CELTIC INSURANCE COMPANY,<br><br>                          Defendants. | Case No. 22 C 4126<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman |

PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO
REMEDY DEFICIENCIES IN DATA PRODUCTIONS

On August 13, 2025 Plaintiffs sent Defendants a letter identifying deficiencies with data files and data dictionaries previously produced by Defendants, and requesting that Defendants remedy those deficiencies. Plaintiffs did not request new discovery but rather asked Defendants to remedy deficiencies in their productions—productions that were provided by Defendants in response to RFPs issued by Plaintiffs years ago and which Defendants represented to both Plaintiffs and the Court that they would produce.

Defendants responded with a letter that partially addressed to Plaintiffs' questions regarding claims data but did not address any of the myriad deficiencies that Plaintiffs had identified regarding member data, contract data, provider data, or complaint data. *See* Ex. 4, Letter from S. Cady to J. Boley (Oct. 29, 2025).

Plaintiffs consulted with their experts to determine which of the numerous deficiencies that Defendants failed to address are most crucial for Plaintiffs' experts to be able to analyze the data. On November 19, 2025, Plaintiffs sent Defendants a list of the critical deficiencies (eight in total—a small subset of the overall deficiencies noted by Plaintiffs in their letter of August 13) and requested once again the Defendants remedy the deficiencies.

On November 21, 2025, Defendants represented that they will remedy these deficiencies "before the end of the year." Ex. 5, Email from S. Cady to J. Boley (Nov. 21, 2025). Given the history of discovery in this action, Plaintiffs cannot rely solely on such representations.

While Plaintiffs do not wish to unnecessarily burden the Court, Plaintiffs do not want to further delay the schedule and are thus complying with the November 24 deadline for filing "any motion related to data production." Plaintiffs file this motion, respectfully requesting that Defendants be compelled to remedy the eight deficiencies identified in their email of November 19, 2025, which are presented and explained below.

## Argument

In their letter of August 13, Plaintiffs identified 21 data deficiencies that they asked Defendants to remedy. After receiving no response from Defendants regarding a majority of these deficiencies, Plaintiffs narrowed to 8 the number of deficiencies they are asking Defendants to remedy, highlighting each of the deficiencies in their letter of August 13 and the accompanying appendices:

**Plaintiffs' letter to Defendants:**

1. **Highlight under no. 12:** Regarding the discrepancy noted between the member data and the Viewmaster files, we need to know what services

*all* members have access to, which means that they all need to be able to link to the Viewmaster data. Additionally, we need a data dictionary for the Viewmaster, which has 1,517 unique fields across all of its files.

2. **Highlight under no. 15:** Defendants need to confirm or provide the definitions of these fields.

3. **Highlight under no. 16:** Defendants need to provide a data dictionary for the Contract Data. The meanings of several fields are not intuitively clear.

   **Appendix C:**

1. **Expiration date of provider's contract:** Defendants' data does not indicate when contracts will end. Under the field "Status," some records are populated with the value "Expired," but Defendants need to provide information for *when* the contract expired.

   **Appendix D:**

1. **Provider's network identification number(s)**: Defendants have claimed that they do not have this field in Amisys. Amisys generates the claim and member data. But provider data comes from "CMS Data Index" files or potentially Portico data. Defendants need to produce this data. Network/rating area is not provided in any other data source.

2. **Provider's network name(s)**: Same explanation as above.

3. **Provider's rating area identification number(s):** Same explanation as above.

4. **Provider-specific disclaimers:** In the provider files, there is a field named "accepting." Most of this field is populated with the values "accepting" or "not accepting". But there are some providers who have the value "accepting in some locations," and the JSON files do not provide the locations *where* such a provider would accept Ambetter insurance and where that same provider would reject it. Defendants need to produce that data/information.

Ex. 1, Email from J. Boley to S. Cady (Nov. 19, 2025); *see also* Ex. 2, Letter from J. Boley to S. Cady (Aug. 13, 2025) (containing corresponding highlights); Ex. 3, Appendices to Letter of Aug. 13, 2025 (containing corresponding highlights).

Again, these are not new requests: they are necessary remedies to the deficiencies with data that Defendants have represented they have produced. *See, e.g.*, Dkt. No. 131, Defs.' Resp. to Pls.' Mot. to Compel Production of Claims Data, at 1 ("Defendants agree to produce individual-claims data so that Plaintiffs can perform their analyses . . . ."); Dkt. No. 112, J. Status Report at 2 ("Defendants have agreed to produce anonymized member data to Plaintiffs and expect to complete that production by July 26, 2024."); *id.* ("Defendants have produced [contract] data from the Icertis database."); Dkt. No. 79, J. Status Report at 79 ("The parties request that the Court schedule a status conference to take place in February. This will give Defendants time *to produce additional denied-claims data, member data, provider data*, and provider communications . . . . (emphasis added)).

## Conclusion

Over the past several years, Defendants have repeatedly made deficient productions of both data and documents—in some cases needing to re-produce data multiple times due to myriad deficiencies in the production. In the interests of moving this case forward for their clients and the putative class, Plaintiffs have been willing to forgo a substantial amount of discovery that Defendants have failed or refused to produce, but the eight data deficiencies identified above are critical to the ability of Plaintiffs' experts to analyze the data for purposes of providing evidence of both liability and damages.

Accordingly, Plaintiffs respectfully request that the Court order Defendants to remedy the deficiencies in their productions of data by providing the eight items of discovery identified above.

Dated: November 24, 2025

Respectfully submitted,

/s/ *Justin N. Boley*

Kenneth A. Wexler
Justin N. Boley
Zoran Tasić
WEXLER BOLEY & ELGERSMA LLP
311 S. Wacker Drive, Suite 5450
Chicago, IL 60606
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wbe-llp.com
jnb@wbe-llp.com
zt@wbe-llp.com

Daniel E. Gustafson
   (*pro hac vice* forthcoming)
Daniel C. Hedlund
   (*pro hac vice*)
Michelle J. Looby
   (*pro hac vice*)
Anthony J. Stauber
   (*pro hac vice*)
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
tstauber@gustafsongluek.com

Beth E. Terrell
   (*pro hac vice*)
Jennifer Rust Murray
   (*pro hac vice*)
Amanda M. Steiner
   (*pro hac vice*)
TERRELL MARSHALL LAW GROUP
936 North 34th Street, Suite 300
Seattle, Washington 98103
Tel: (206) 816-6603
Fax: (206) 319-5450
bterrell@terrellmarshall.com

jmurray@terrellmarshall.com
asteiner@terrellmarshall.com

Seth R. Lesser
  (*pro hac vice* forthcoming)
Sarah Sears
  (*pro hac vice* forthcoming)
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
sarah.sears@klafterlesser.com

Adam J. Zapala
  (*pro hac vice*)
Christopher F. Jeu
  (*pro hac vice*)
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
cjeu@cpmlegal.com

*Attorneys for Plaintiffs*